JUDGE BRODERICK

# UNITED STATES DISTRICT COURT
## IN THE SOUTHERN DISTRICT OF NEW YORK
### CIVIL DIVISION

CASE NO. **16 CV 3038**

**NEELAM UPPAL**

     **Plaintiff**

V.

**NYS DEPARTMENT OF HEALTH,**

**Florida Department of Health,**

**Florida Board of Medicine**

     **Defendant**

_____ /

FILED
U.S. DISTRICT COURT
2016 APR 25 PM 12: 13
S.D. OF N.Y.

## EMERGENCY  COMPLAINT ~~TO RE-OPEN CASE AND~~ FOR DECLARATORY AND INJUNCTIVE RELIEF

NOW COMES, Plaintiff, Neelam Uppal, Pro se files an Emergency

Complaint  against the disciplinary proceedings against her by the New York

State Department of Health against her, as it would cause her irreparable

harm to her reputation, business, professional status, integrity, economic ,

financial status, medical harm to her patients and states in support thereof as follows:

## II. JURISDICTION

Parties:

1. Defendant, New a York State Department of Health is initiating action in support of FL DOH and Board of Medicine as affiliated agencies.

2. The Plaintiff has dual state jurisdiction as Dr. Uppal had private practice in Pinellas Park till 2011 and in Clearwater in 2012. Dr. Uppal has been working in New York in 2013 and 2014 even though her primary residence is Pinellas Park. Dr. Uppal was working in Bronx, NY, when the DOH presented their case to ALJ in FL in the absence of the Plaintiff. The communications between the DOH and the prior hearings were on the telephone and via emails. The Service of Court Documents were via.email to the Plaintiff in Bronx, NY.

3. The Federal court has equitable jurisdiction to review the lawfulness of the Board's proceedings prior to the imposition of any disciplinary sanction against Dr. Uppal, and to impose injunctive relief barring the Board from proceeding with disciplinary action, because Dr. Uppal would otherwise

suffer immediate irreparable harm, including but not limited to potential revocation or suspension of his license to practice medicine.

This Court has subject matter Jurisdiction over this case under 28 U.S.C. sec. 1331, as this action arises under the fourth, sixth, thirteenth and fourteenth Amendments to the United States Constitution and Federal law; under 28 U.S.C.1343 (a)(3), in that it is brought to redress deprivations, under color of state law, of rights, privileges and immunities secured by the United States Constitution

III. VENUE

Venue is appropriate under 28 USC sec.1391(b) because the Plaintiff is suffering continuing injury by the New York State Department of Health.

2. The attorney of HCA hospital, Carlton Fields, has offices in New York,

3. WellCare operates in New York

NATURE OF ACTION

1. Plaintiff brings this action for declaratory and injunctive relief under 42 U.S.C.sec.1983 for continuing and pervasive actions of the Defendants to violate the plaintiff's constitutional rights by

- Retaliation for complaints made for Sexual Harassment and Discrimination

- Manipulation of anonymous complaints

- Conflict of interest

-Violation of due process

- Breach of privacy

-Demand of Involuntary Servitude by the agency

-Abuse of Power by the NYSDOH in support of Florida Medical Board to discipline Dr. Uppal for non- payment of Bills for Medical Services and supplies.(See AAPS v. Texas Medical Board)

2. Plaintiff also brings this action based on discrimination pursuant to title via of the Civil Rights Act of 1964 as amended and Florida Civil rights Act, F.S. 760 et seq., 42 U.S.C. sec. 2000 (e) et seq; 42u.s.c. sec. 1981a. Plaintiff brings this action to correct unlawful practices on the basis of gender(female), race Indian), national origin (Indian) and Retaliation. Plaintiff filed a complaint with EEOC about May1, 2008.

IV. STATEMENT OF FACTS


A. INTRODUCTION

1. New a York State Department of Health is putting charges on the Plaintiff and has scheduled a hearing on May 19,, 2016 to impose charges based on the recommended order by FL Administrative Law Judge, that is pending Appeal in Florida.

2. The NYSDOH was duly notified in writing of the Florida action and that

it is on Appeal and that EEOC COMPLAINT IS PENDING. See Exhibit 1.

3. The NYSDOH IS UNLAWFULLY putting charges of Fraudulant practice and misconduct as an act of Harassment, Malicious prosecution, tortuous Interference worth Business and Livelihood.

PRELIMINARY STATEMENT

a)NYSDOH is bring action in violation of 6530( 9)(c)

b)NYSDOH is bringing action in violation of F.S.9.310(f)

c) NYSDOH is bringing an action as an act of continued harassment in support of FL DOH

d) NYSDOH has filed a false action by deception as the FL order states that it does not commence until I come back and work in FL.

e) NYSDOH has brought action as 'Slander' and 'Libel'

PROCEDURAL HISTORY:

1.This action was brought in front of this court but was transferred to Florida. But Florida continued its unlawful action as there was no injunction. Now, NY state wants to continue the harassment with unlawful action in support of Florida's action.

2. The Plaintiff filed Amended EEOC Complaints of Retaliation, Sexual harassment and Discrimination in on April 4, 2016 .

Plaintiff was given ' Right

to Sue' FL DOH, Board of Medicine, Wellcare, Universal Health care; now owned by Freedom.

3.Plaintiff filed a

Lawsuit against the HCA hospitals in 2006 For Sexual Harassment and Discrimination was led by Attorney Carlton Fields, Edward white hospital , Palms,Northside, St. Petersburg, Largo Medical Center, which led to Discrimination. Complaint against Dr.A.K. Desai was filed in the state court in 2001.The HCA hospitals filed complaints against the Plaintiff to the Board of Medicineas a act of Retaliation.

HCA affiliated doctors(Dr. Saba of Pinellas Care Clinic and Dr.A.K Desai of American Family and Geriatrics and Dr. Zachariah of Universal Health Insurance) and other employees work closely with the Pinellas County DOH or are on the Board of Medicine.

 Complaint for Sexual Harrasment was filed against Dr. A.K. Desai was filed by the Plaintiff in the Circuit Court Of Pinellas County in 2000.

4. In 2009-2011 The Pinellas County Department of Health filed a formal Complaint against Dr. Uppal.

In 2012, Prosecutor Elana Jones did not find any grounds to prosecute Dr. Uppal on all the complaints filed agains her until thenand she dismissed them. She consolidated all the complaints and filed one amended

Administrative complaint  12-0666PL, which was then dismissed on Appeal. See Exhibit 2

5. All the issues subject for discipline now ,were heard in July,2012.

6. The DOH filed resurrected dismissed complaints, notwithstanding, that no new evidence has materialized to substantiate the complaint since the original investigation concluded .

7.In October 2012 Dr. Uppal fell sick and her Practice was declared to close.

8. On July 7 2014, all the complaints were consolidated into one complaint 2013-0595PL

9. On July 14, & 15 the trial was scheduled.The Plaintiff was not  allowed a chance to

defend herself. Thus, violating her constitutional rights to Due process.


STATEMENT OF FACTS:

Patient AM

1.Anonymous complaint was filed against the plaintiff and her bills were not Paid By the insurance company or the patient.   The patient never filed a complaint with the DOH against the Plaintiff.

2.The insurance company had no authorization by the patient to use her Medical record and to file a complaint against the Respondent, on the contrary the patient was treated and f

Patient PA:

1. The patient never filed a complaint against the Respondent. The patient filed a Complaint against Dr. Neelum Shah, an employee of Dr. A.K. Desai of American Familty and Geriatrics And owner and CEO of Universal Healthcare insurance and past CEO of WellCare Insurance. The Pinellas County DOH changed the complaint against Dr. Neelam Uppal, anonymously.

Universal Healthcare, WellCare and a First Coast Options did not pay Plaintiff's bills.

MEDICAL RECORDS:

1. New Administrative Complaints were made on Old Medical records, after the Practice was closed, on patients whose complaints were already dropped by the Previous Prosecutors. None of these patients had been seen since the prior complaints.

MMEMORANDUM OF LAW

VIOLATIONS OF THE STATE STATUTES:

1. Florida Statute 456.073 (1) for failure to do a preliminary Inquiry

2. Florida Statute 456.073 (2) for failure to have a legally sufficient complaint prior to beginning an investigation to the extent that the DOH ammended the complaint on the day of the trial

3. Florida Statute 456.058 by filing a complaint 2 years after the practice was closed,

4. Florida Statute 456.003 (4) (a) which states 'Neither the department nor any board may create unreasonably restrictive and extraordinary standards that deter qualified persons from entering the various professions. Neither the department nor any board may take any action that tends to create or maintain an economic condition that unreasonably restricts competition, except as specifically provided by law.'

5. Florida Statute 456. 003 (4) (b) which states,

'Neither the department nor any board may create a regulation that has an unreasonable effect on job creation or job retention in the state or that places unreasonable restrictions on the ability of individuals who seek to practice or who are practicing a profession or occupation to find employment.

6.. Florida Statute 456.073 (9) (c) for failure to inform the Plaintiff of any probable cause hearing.

7. Florida statute 456.073 (12) ( c) for Bad faith and malicious filing.

8. Florida Statute 837.021 and 837.05 for Perjury.

CIVIL RIGHTS VIOLATIONS:

1. Sixth amendment of the Civil Rights amenmendment of 1964- by Abuse of Process

2. Title Seven of Civil Rights amendment of 1964, Sexual harrasment and Discrimination.

3. Eighth amendment of the Civil Rights amendment of 1964 (Johnson v. Transportation Agency, Santa Clara County), and upheld state and local laws prohibiting gender discrimination.,

4. Employment Non-Discrimination Act ( ENDA) of 2009

5. HIPAA violation as patients A.M. and P.A.did not authorize Assurant Health insurance company or DOH to use their chart to file a complaint on their  Medical Care by Dr. Uppal

6. Not entering an order for Motion for re-consideration and re- hearing.

VIOLATION OF THE CONSTITUTIONAL RIGHTS:

1.      The Plaintiff's 13th  amendment of the constitutional rights are violated as the DOH wants detailed medical records on patientswho did not pay for their sevices and supplies. It takes a lot a Labor and timeto hand-write detailed extensive records.It further costs for the overhead and

maintence of those records. It is not physically and financially feasible for a doctor in Private practice to do that. Requiring free record creation and maintenance, without compensation is equivalent to 'Involuntary Servitude'. Hence, the Florida Statute created by this agency, is unconstitutional.

2. The Plaintiff's 4th amendment of the constitutional rights are violated as the DOH produced to ALJ for evidence stolen, fabricated , forged and tampered medical records. These records were not provided to DOH by the respondent that were produced into evidence.Thus the evidence used at trial was obtained by improper means. Further, ALJ, applied the 2008 law misappro appropriately.

3. The Plaintiff's 2nd amendment of Constitutional Rights were violated by Denial of due process for Failure to hear her motion for Re-consideration prior to scheduling Hearing on recommended order. And for the DOH to follow F.S 456.073 (1) & (2) for not doing a preliminary Inquiry, Investing a legally insufficient complaint to the extent of amending the complaint to add new allegations on the day of the trial, which does allow adequate time for preparation of Defense.

1. Plaintiff, Dr. Uppal, further requests Injunction based on the fact that the DOH 's expert;also in violation of F.S. HB499

10. DOH made no preliminary inquiry for any new allegations as required

by F.S. 456.073 (1).

11. Also F.S. 456.003(4)(a) &(b) state that DOH cannot have rules with unreasonable restrictions and unreasonable expectations Interfering with job and business.

12.     Prayer For Injunctive Relief Pursuant To 42 U.S.C. §1983 And State Law To Enjoin NYSDOH From Proceeding With Disciplinary Action Against D. Uppal Relating To FL DOH action, that is on Appeal is prohibit id by NY state Education law 6430(9)(c), F.S. 9.310(f).Because Such Disciplinary Action Violates Dr. Uppal's Due Process Rights Under The State and Federal Constitution.

14.     Under the State and Federal Constitutions, "'[a] statute can be impermissibly vague for either of two independent reasons. First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits. Second, if it authorizes or even encourages arbitrary and discriminatory enforcement.'" State v. Porelle, 149 N.H. 420, 423 (2003) (quoting Hill v. Colorado, 530 U.S. 703, 732 (2000)).

15. 64B8-9.003,    (h), are impermissibly vague as applied to Dr. Uppal for both of the reasons cited in Porelle.

16.     First, both the statutes and the regulation fail to apprise a person of ordinary intelligence that a mere Opinion of a retired doctor can

12

give rise to a statutory or regulatory violation, and for "unconstitutional involuntary servitude," leading to possible license suspension or revocation.

17.     Second, the statutes and the regulation, if applied to "Unconstitutional involuntary servitude" do not authorize the DOH and encourage arbitrary and discriminatory enforcement. The Board has never adopted any regulations to clarify what would constitute Writing and release of Records without payment for the services "Unconstitutional". The ALJ has Recommended Order with vagueness without any substantiation of Fraud . Without any such regulations defining "unconstitutional involuntary servitude" the Board has impermissibly broad discretion to determine—arbitrarily—the Compliance to keep extensive Medical Records. Moreover, the Board may then arbitrarily and discriminatorily decide to discipline certain doctors for supposedly "unconstitutional involuntary servitude," while refraining from disciplining others, depending on the "political correctness" quotient of the Board members.

18. F.S.456.50, 456.072(2), 458.331(1)(m)(q) &(t) are, therefore, impermissibly vague as applied to Dr. Uppal's allegations  (a) neither the statutes nor the regulation apprise a person of ordinary intelligence that a mere opinion could trigger a violation leading to disciplinary action; and (b) the statutes and regulation if applied to demand for Medical Records for

services Not paid for, encourage arbitrary and discriminatory enforcement,

due to the absence of any regulations defining "unconstitutional involuntary

servitude"

     19.    The Court should therefore find F.S. unconstitutionally vague

as applied to disciplinary action based on Medical records for services not

paid  and should enjoin the NYSDOH from proceeding with any further

disciplinary action against Dr. Uppal arising from this ALJ's Recomended

Order

VII.    Prayer For Injunctive Relief To Enjoin The NYSDOH From Pursuing

Disciplinary Action Against Dr.Uppal Based On The FL DOH Complaints

and the ALJ's Recomended order  Because of The Doctrines Of Collateral

Estoppel And Res Judicata Bar The Board     From   Relitigating A

Complaint Determined To Be "Unfounded" In 2012.

    A.    Collateral Estoppel

    20.    Collateral estoppel "may preclude the relitigation of findings

by an administrative board." Farm Family Mut. Ins. Co. v. Peck, 143 N.H.

603, 605 (1999). Relitigation of an administrative agency's findings is

barred by collateral estoppel when:  (1) the issue subject to estoppel is

identical in each action; (2) the first action resolved the issue finally on the

merits; (3) the party to be estopped appeared in the first action or was in

privity with someone who did; (4) the party to be estopped had a full and fair opportunity to litigate the issue; and (5) the finding was essential to the first judgment. Id.

21 .    All elements of collateral estoppel are present here, barring the Board from relitigating the 2009 and 2011 complaint that was Voluntarily dismissed by the DOH's Prosecutor and determined to be "Unfounded" in July of 2012.

22.    First, the issue is identical to the issue that the Board of Medicine now seeks to revive.

23.    Second, the 2012 DOH investigation resolved the issue finally on the merits, finding the complaints to have been "Unfounded."

24.    Third, the party to be estopped (DOH and the Board) appeared in the first matter, or at a minimum was in privity with an entity that did. This is true because both the Board of Medicine and the DOH.

25.    Fourth, the party to be estopped had a full and fair opportunity to litigate the issue in 2012. DOH conducted a  investigation following its receipt of the  complaint. DOH had a full and unrestricted opportunity to speak to all witnesses and gather all evidence relative to the complaint. Indeed, DOH has the exact same evidence now relative to the complaint as DOH had at the conclusion of its investigation in 2012! DO H

concluded then that the evidence did not substantiate the complaint, thereby

vindicating Dr. DOH.  The Board of Medicine as an DOH-affiliated agency

is therefore collaterally estopped from resuscitating the matter for

relitigation nearly four (2) years later.

26.     Finally, the fifth element of collateral estoppel is satisfied

because the DOH finding that insufficient evidence existed to substantiate

the complaint was essential to the July , 2012, amendment and that the

complaints were "Unfounded."

27.     The Board is thus collaterally estopped from pursuing any

disciplinary action against Dr. Uppal relative to the complaints that DOH

already fully investigated and determined to be "Unfounded."

B.     Res Judicata

28.     Res judicata also precludes relitigation of the issues of

Computer Crash destroying Medical Reports and other electronic records .

29.     "Under res judicata, a final judgment by a court of competent

jurisdiction is conclusive upon the parties in a subsequent litigation

involving the same cause of action."  Cook v. Sullivan, 149 N.H. 774, 777

(2003).

30.     Res judicata also applies to a decision of an administrative

agency "which is rendered in a judicial capacity and resolves disputed issues

properly before it which the parties have had an adequate opportunity to litigate." Morin v. J.H. Valliere, 113 N.H. 431, 434 (1973).

31.    Importantly, res judicata has preclusive effect upon the agency under circumstances such as those present here, where: (1) a complainant makes a report to an administrative agency such as DOH; and (2) DOH retains control of the enforcement proceeding. Cook, 149 N.H. at 778 ("In situations...where the victim of a statutory wrong complains to the appropriate agency but is not given control over the enforcement proceeding, it is the agency rather than the victim to whom the rules of res judicata apply.") (citing Restatement (Second) of Judgments §83 cmt. c (1982)) (emphasis supplied).

32.    The rules of res judicata as applied to DOH prevent the Board from relitigating the complaints against Dr. Uppal. First of all, DOH acted in a judicial capacity in adjudicating the complaints. The agency assigned an investigator and fact-finder to gather and evaluate all witness testimony in order to adjudicate the factual issue of whether Dr. Uppal had committed any violations.made Furthermore, the agency provided Dr. Uppal notice and an opportunity to rebut the allegations against her in 2009 and 2011, respectively.

34. In the case AAPS V. TEXAS Medical Board heard in the United

States District Court, for the Eastern District of Texas, Case no.-A:08-CV-675-LY, Appealed In the United Staes Court of the 5th District , case no.:0950953; the Complainant filed the case that the Texas Medical Board abused their Power by discipline doctors so that the Insurance Companies don't pay their Services. The Injunction was granted and the Disciplinary actions were dismissed. Dr.Uppal is in the same situation as this precedent.

A. By impairing the liberty interest in the reputation, the property interest in medical licensing, and the economic well- being of the Plaintiff, the Defendants' abuse of anonymous complaints and relying on Perjury violated the Constitutional rights of the Plaintiff.

B. Hence, the Plaintiff is entitled to an injunction preventing the NYSDOH from taking any action based on these anonymous and false complaints as it violates the Confrontation Clause of the Sixth amendment and the Due Process Clause of the Fourteenth amendment of the U.S. Constitution.

34.     Moreover, the NYSDOH pursuit of disciplinary proceedings against Dr. Uppal, relative to a complaint that the Related agency , FL DOH, already is being sued under EEOC constitutes bad faith and retaliation, entitling Dr. Uppal to damages, Costs and attorney fees.

35. Wherefore, the plaintiff Prays for Declaratory and Injunctive Relief To Compel The NYSDOH To Honor Its Statutory Obligations And Dr. Uppal's

Due Process Rights and violations of 42 U.S.C. sec.1983.

35.   The Court should nonetheless issue orders compelling the NYSDOH to abide by its statutory obligations, compelling the Board to honor Dr. Uppal's due process rights , and vacating all orders issued by the FL Board of Medicine (or certain members thereof) in violation of statute or Dr. Uppal's due process rights.

36.   Finally, the Court should order that NYSDOH and Board of Medicine hearing must disclose their names and addresses of all complainants.  Complainants should not be allowed to besmirch Dr. Uppal's good name and professional reputation from behind a veil of anonymity.

WHEREFORE, the petitioner Dr. Uppal respectfully prays this Honorable Court:

A.     Find that the Board's disciplinary proceedings against Dr.Uppal violate her rights under the State and Federal Constitutions as no due process rights are being allowed.

B.     Enjoin the NYSDOH from disciplinary proceedings against Dr. Uppal;

C.     Find that the NYSDOH disciplinary proceedings against

Dr. Uppal are barred by the doctrines of collateral estoppel and res judicata;

D.    Refrain and   Enjoin the NYSDOH from further disciplinary proceedings against Dr. Uppal with frivolous complaints without any subtstantiated grounds;

E. Declare the New State education Law 6530(9)(c)  allowing physicians their right to conclusion  of appeal in another State, before New York can take action, in effect and be enforced.

F.  Order the NYSDOH to refrain and enjoin from bringing any charges against the Plaintiff until pending cases are resolved and concluded.

This case is an EMERGENCY as the NYSDOH's Attorney, knowingly and Intentionally that he is in violation of New York State Education law 6530 (9)(c) , wrote on April 14, 2016 that in 5 days, he will make his False allegations public to Falsely defame me and interfere with my Business and livelihood, thus causing irreparable harm.

Wherefore, I pray to this court to protect women from such exploitation and abuse of authority and grant this Injunctive and Declaratory relief and any such relief that this court may deem appropriate.

_____

**NEELAM UPPAL, PRO, SE**

1370 Broadway
New York, NY-10018
*PH. - (646)-740-9141*
*E-mail- nneelu123@aol.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

served by

on __25__ day of __April__, 2016 to:


TO: Timothy J. Mahar

**NYSDOH**

**Corning Tower**

**Empire State Plaza**

**Albany, New York-12237**

_____

**NEELAM UPPAL, PRO, SE**
*P.O BOX 1002.*
*LARGO, FL-33779*
*PH. - (727)-403-0022*

21

IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
SECOND DISTRICT, POST OFFICE BOX 327, LAKELAND, FL 33802-0327

January 10, 2014

**CASE NO.: 2D13-2**
L.T. No. : 2006-38711

Neelam Uppal                           v.         Department Of Health

ʄm

_____

Appellant / Petitioner(s),                        Appellee / Respondent(s).

## BY ORDER OF THE COURT:

In light of the appellee's vacation of the order appealed, this appeal is dismissed.

NORTHCUTT, CASANUEVA, and KHOUZAM, JJ., Concur.

I HEREBY CERTIFY that the foregoing is a true copy of the original court order.

Served:

Neelam Uppal            Therese A. Savona, Esq.    Sharmin R. Hibbert, Esq.
Elana J. Jones, Esq.    Department Of Health       Dept. Of Health Board Of Medicine

pm

James Birkhold
Clerk



**NEELAM UPPAL, MD**
P.O. Box 1002
Largo, FL-33779

June 19 , 2015

To: Roxanne
OPMC
518-402-0145

RE: Neelam Uppal
OPMC- #5 - 01 0460 A
EXPLANTION

I object to your allegation for the following reasons:
1. There was no allegation of 'Professional misconduct'.
2. The order has been appealed in the second District Court of Appeals, Florida. Hence,
A). Pursuant to the New York State Education law sec. 6530 para(h) an action where appeal is pending, is not a reportable.
B). Pursuant to Florida rule 9.310 (f) a Final order cannot be entered on an administrative action while the issues are pending review of the the Order by the Appellate Court.

3. This complaint has been made as an act of Malice, Slander and violation of my Civil Rights by ignoring the law.
4. EEOC charge was made.
5. I am sending the copy of Notice of Appeal.
6. The Board's policy requires disposition as 'on appeal'. The complainant entered the public report without reporting the appeal  and is not grounds for disciplinary action, but was done as an act of Retaliation, violation of my civil rights, false defamation,slander and harassment.
7. The action is was fraudulent to begin with as the Department of health got a retired physician to write an expert report in contradiction to literature in the MKSAP's and Board questions. He testified that MRSA happened in hospitals only and that I diagnosed  the patient with 'multiple skin abscesses' with Community acquired MRSA , as wrong diagnosis. He further, testified that I cured the patient with Once a day Vancomycin and Zyvox was wrong Prescribing.   However, the patient had been thankful to me for getting her better.
On the second patient he testified that you do not treat candidiasis with Azoles and Ambisome and that abnormal Immunoglobulin levels do not constitute immune- dysfunction .
On the third patient he said that as an Infectious Disease specialist I did not do the referrals and get reports from all the other specialists as the primary care even though I was not the primary care

There were 2 other board certified physicians who testified that I practiced medicine within the 'Standard of Care'. All the patients got better. 2 patients never filed the complaint and fought with the DOH not to use their case against me. One of them called me and said that they were interfering with her treatment.

But the ALJ, who was a former prosecutor at same DOH, was biased and abused her discretion, and said that she believed ( the false, misleading, deceptive) report of the DOH expert and not the reports of my experts based on the scientific literature and she ordered that I be suspended and disciplined. She mocked the efforts of the ABIM and the MKSAP. She said the credibility was of the physician who took his boards in 1964 and never re-certified since then.

Wherefore, I would request that this investigation be closed. If you need further information, please schedule an oral interview with me by calling 727-403-0022.


Yours sincerely,


NEELAM UPPAL, MD

 **NEW YORK** **STATE OF** **OPPORTUNITY** | **Department of Health**

ANDREW M. CUOMO
Governor

HOWARD A. ZUCKER, M.D., J.D.
Commissioner

SALLY DRESLIN, M.S., R.N.
Executive Deputy Commissioner

April 14, 2016

Neelam Uppal, M.D.
P.O. Box 1002
Largo, FL 33779

**Via Certified Mail**

In the Matter of Neelam Uppal, M.D.
CO-15-01-0460A

# NOTICE OF HEARING May 19, 2016

Dear Dr. Uppal:

Enclosed for service upon you is the following Notice of Hearing and Statement of Charges with a Security Notice of Licensee and Summary of Department of Health Hearing Rules.

As you can see from the Notice of Hearing, your case is scheduled to be heard on May 19, 2016, at 10:30 a.m. at Riverview Center, 150 Broadway, Suite 510, Menands, NY 12204-2719.

Please do not hesitate to have your attorney contact me, as I will be the attorney representing the New York State Department of Health at your hearing.

Sincerely,

Timothy J. Mahar
Associate Counsel
NYS Department of Health
Bureau of Professional Medical Conduct
Corning Tower Building - Room 2512
Empire State Plaza
Albany, NY 12237-0032
(518) 473-4282, Fax (518) 473-2430

Enclosures