# RUDY A. DERMESROPIAN, LLC

ATTORNEY AT LAW

45 BROADWAY
SUITE 1420
NEW YORK, NY 10006
Ph. 646.586.9030
Fax. 646.586.9005

www.dermesropianlaw.com

Affiliate Office:

Oradell, NJ

Rudy A. Dermesropian
rad@dermesropianlaw.com

June 27, 2016

**VIA ECF**
Hon. Vernon S. Broderick, U.S.D.J.
United States District Court, SDNY
500 Pearl Street, Room 518
New York, New York 10007

> Re:     **Neelam Uppal v. NYS Department of Health, et al.**
>          **Case No. 1:16-cv-03038(VSB)**

Dear Judge Broderick:

This office represents the plaintiff, Neelam Uppal ("Dr. Uppal" and/or "Plaintiff"), in the above-referenced matter. On April 25, 2016, Dr. Uppal brought this *pro se* action seeking, in part, to enjoin the New York State Department of Health ("NYSDOH") from attempting to revoke her medical license [Docket No. 1]. On April 27, 2016, this Court issued an Order to Show Cause [Docket No. 3], and on May 13, 2016, the parties appeared in Court, whereby Plaintiff was directed to submit a letter addressing the issues discussed herein. Accordingly, pursuant to the foregoing, Plaintiff's Complaint should not be dismissed, an Order enjoining the NYSDOH from continuing with its proceeding should be issued, and this action should remain in this district.

In or about April 2015, the NYSDOH contacted Dr. Uppal inquiring about the proceeding before the Florida Department of Health ("FDOH") and provided her with 60 days to submit relevant documents. On June 19, 2015, Dr. Uppal provided the NYSDOH with her first set of documents and on October 19, 2015, with her supplemental documents. In or about February 2016, Charles Vanstein ("Mr. Vanstein"), from the NYSDOH, sent a letter to Dr. Uppal confirming that the Florida action should not be reportable in New York since the proceeding before the FDOH is still pending. In or about April 2016, Mr. Vanstein contacted Dr. Uppal confirming the content of his February 2016 letter. However, contrary to the information and representations of the NYSDOH, on April 14, 2016, the NYSDOH served Plaintiff with a Notice of Hearing.

New York State Education Law ("Education Law") § 6530 states in part, "Having been found guilty in an adjudicatory proceeding of violating a state or federal statute or regulation, pursuant to a final decision or determination, and ***when no appeal is pending***, or after resolution of the proceeding by stipulation or agreement, and when the violation would constitute professional misconduct pursuant to this section." Education Law § 6530(9)(c) (emphasis added).

Hon. Vernon S. Broderick
June 27, 2016
Page 2 of 4

In addition, New York Court of Claims Act § 8, states in part, "The state hereby waives its immunity from liability and action." N.Y. Court of Claims Act § 8.

In the event this Court does not dismiss Plaintiff's action, Plaintiff intends to amend her Complaint to bring, in part, claims against Tim Mahar ("Mr. Mahar"), an official of the NYSDOH, for the intentional misrepresentations he made against Plaintiff stripping her of her due process rights and equal protection of the laws.

### A.     Plaintiff's Action is not Frivolous

The *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. N.Y. 2000) case is distinguishable from the case at bar, since the *pro se* plaintiff initiated two prior federal actions which were dismissed as frivolous, and now brings a third action asserting the same claims. Here, Dr. Uppal did not bring any prior actions, and is not reasserting prior claims. It should also be noted that in the prior two actions brought by the plaintiff in *Fitzgerald*, the Court afforded plaintiff twenty-one days to replead his claims. As such, in the event this Court dismisses Dr. Uppal's claims, we request leave to replead within twenty-one days from the Court's decision.

In *Pillay v. INS*, 45 F.3d 14 (2d Cir. 1995), the Court determined that plaintiff's petition was frivolous based on "the scope of [plaintiff's] criminal conduct, six robberies and two attempted robberies." *Pillay*, 45 F.3d at 17. Here, Dr. Uppal did not engage in and was not charged with any criminal or wrongful conduct.

### B.     This Court has Subject Matter Jurisdiction

This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 1983; 42 U.S.C. § 1985; violations of constitutional rights for deprivation of due process rights and equal protection of the law. Plaintiff is also seeking an injunctive relief staying the proceedings at the NYSDOH pending a final determination at the FDOH, which is currently still pending on appeal.

### C.     This Court Should not Abstain

In *Fenner v. Boykin*, 271 U.S. 240 (1926), where a federal action is brought to enjoin state prosecution under state law that allegedly interfered with the free flow of interstate commerce, federal courts have been found to have power to enjoin state officers "when absolutely necessary for protection of constitutional rights [...] where the danger of irreparable loss is both great and immediate." *Id.*, at 243-244. The principles referenced in *Fenner* "have been repeatedly followed and reaffirmed in other cases involving threatened prosecutions." *Younger v. Harris*, 401 U.S. 37, 45-54 (U.S. 1971) (internal citations omitted).

Here, injury and damages are irreparable and imminent since Dr. Uppal is at risk of losing her license pursuant to false and fabricated allegations. The financial and emotional damages will be extraordinary. Also, NYSDOH failed and neglected to conduct a proper investigation into the fabricated and false allegations that were brought against Plaintiff in Florida, which were orchestrated by Plaintiff's former employer, Akshay Desai ("Dr. Desai"), a very well connected

Hon. Vernon S. Broderick
June 27, 2016
Page 3 of 4

and influential individual in the state of Florida. Furthermore, Mr. Mahar intentionally made numerous false claims and misrepresentations against Plaintiff during the proceedings before the NYSDOH causing Plaintiff additional damages to her license and reputation.

"An injunction against the enforcement of certain state criminal statutes could properly issue" where the respondent takes actions to "harass and publicly shame" the plaintiff. *Dombrowski v. Pfister*, 380 U.S. 479, 482 (1965) (citing, *Younger*, 401 U.S., at 48). The Court in *Younger v. Harris* also recognized that there are "[o]ther unusual situations calling for federal intervention." *Younger*, 401 U.S., at 54.

Here, the NYSDOH's proceeding is clearly intended to harass and publically shame Plaintiff and damage her reputation. Also, on June 2, 2016, Plaintiff's counsel was hospitalized for 5 days due to serious health issues. As such, a stipulation was entered into with the NYSDOH extending the deadline to submit this letter. On June 6, 2016, Plaintiff submitted a motion to the NYSDOH requesting an adjournment of the Hearing since her attorney was in the hospital. On June 14, 2016, the NYSDOH denied Plaintiff's request for an adjournment, knowing that her attorney was hospitalized, compelling her to proceed without legal representation. The NYSDOH's actions are clearly biased and intended to harass Plaintiff, depriving her of legal representation and due process. In addition, the NYSDOH did not allow Plaintiff to enter relevant evidence at the time of the Hearing, ignored the fact that no patient complaints were actually made against Plaintiff in either New York or Florida, and falsified evidence against her stating, on record, that her license was suspended in Florida despite knowing that her physician profile in Florida shows that her license is still active.

In *Sprint Communs., Inc. v. Jacobs*, the Supreme Court stated that "it is an improper interpretation of the *Middlesex* decision to mean that *Younger* abstention is warranted whenever there is (1) 'an ongoing state judicial proceeding, which (2) implicates important state interests, and (3) . . . provide[s] an adequate opportunity to raise [federal] challenges.'" *Jacobs*, 134 S. Ct. 584, at 587 (2013). The *Jacobs* case further observed that "the state ethics committee's hearing in *Middlesex* was plainly 'akin to a criminal proceeding': An investigation and formal complaint preceded the hearing, an agency of the State's Supreme Court initiated the hearing, and the hearing's purpose was to determine whether the lawyer should be disciplined for failing to meet the State's professional conduct standards. [...] The three *Middlesex* conditions invoked by the Court of Appeals were therefore not dispositive; they were, instead, additional factors appropriately considered by the federal court before invoking *Younger*." *Jacobs*, 134 S. Ct., at 587.

Here, no formal complaint was made against Dr. Uppal and certainly no investigation was conducted regarding the fabricated charges brought against her in Florida. Therefore, the proceeding in the NYSDOH in the case at bar is not akin to a criminal proceeding.

In *Cornejo v. Bell*, the Court stated, "Whether an official may be held liable for an allegedly unlawful action generally turns on the objective reasonableness of the action, assessed in light of the legal rules that were clearly established at the time." *Cornejo v. Bell*, 2008 U.S. Dist. LEXIS 89597, *42-43 (E.D.N.Y. May 16, 2008) (internal citations omitted). "To defeat a claim of qualified immunity on this ground, plaintiff must show that it was not objectively reasonable for

Hon. Vernon S. Broderick
June 27, 2016
Page 4 of 4

defendant to believe that his actions were 'lawful at the time of the challenged conduct.'" *Cornejo*, 2008 U.S. Dist. LEXIS 89597, *43-44 (citing, *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995)). Here, Mr. Mahar's actions were objectively unreasonable since "officers of reasonable competence could disagree" about whether his misrepresentations and actions were legal. *Lennon, supra*.

**D.      Venue is Proper in the Southern District of New York**

Venue in this district is proper under 28 U.S.C. § 1391(a)(2), since "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in New York County. *Laumann Mfg. Corp. v. Castings USA*, 913 F. Supp. 712, 719 (E.D.N.Y. 1996)

"Where plaintiff asserts multiple causes of action, venue must be established as to each claim." *Reynolds Corp. v. Nat'l Operator Servs.*, 73 F. Supp. 2d 299, 305 (W.D.N.Y. 1999) (internal citations omitted). Furthermore, "a plaintiff does not have to prove that his or her chosen venue is the best forum for the action, a plaintiff need only demonstrate that the choice is a permissible one." *Reynolds Corp.*, 73 F. Supp. 2d, at 306.

In *Reynolds Corp.*, the Court held that venue is proper in the Western District of New York "[a]lthough the tortious conduct arguably occurred in Maryland, plaintiff's injuries, albeit economic in nature, occurred in this district. *Reynolds* Corp., 73 F.Supp.2d, at 306 (citing, *Rothstein v. Carriere*, 41 F. Supp. 2d 381, 387 (E.D.N.Y. 1999). Here, since Dr. Uppal is a resident of Florida and the controversy exceeds $75,000 in value, then this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(A). In addition, venue is proper in the Southern District of New York because (1) Dr. Uppal's injuries occurred in this district, (2) the "events of omissions giving rise to the claim" occurred in this district, and (3) the NYSDOH maintains an office in this district.

Respectfully submitted,
      s/
Rudy A. Dermesropian (RD1882)

cc:      James M. Hershler (via ECF)