

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

KENT T. STAUFFER
EXECUTIVE DEPUTY ATTORNEY GENERAL
DIVISION OF STATE COUNSEL

LISA DELL
ASSISTANT ATTORNEY GENERAL IN CHARGE
LITIGATION BUREAU

July 7, 2016

(212) 416-8590

By ECF
Hon. Vincent S. Broderick
United States District Judge
Southern District of New York
40 Foley Square, Room 415
New York, NY 10007

Re: <u>Neelam Uppal v. NYS Department of Health, et al.; 16 Civ. 3038 (VSB)</u>

Dear Judge Broderick:

This Office represents defendant New York State Department of Health ("NYSDOH"), and this letter responds to the letter of plaintiff's counsel, Rudy A. Dermesropian, Esq., dated June 27, 2016 ("Plt. Ltr."). As discussed herein, this case should be dismissed as frivolous, or in the alternative, transferred to the U.S. District Court for the Northern District of New York.

**Factual Background**

Plaintiff, a physician licensed by Florida and New York, seeks to enjoin a disciplinary proceeding brought by the NYSDOH under Public Health Law ("PHL") § 230 that is based on a disciplinary order issued by the Florida Board of Medicine on January 8, 2015 (see Final Order, Exhibit A hereto).[1] The Florida Board therein found plaintiff guilty of medical malpractice, inappropriate prescribing of medicines and failing to maintain adequate patient records, and consequently suspended her medical license for six months, placed her on probation and imposed a $10,000 fine (id., Final Order at 5-12, attached Recommended Order at ¶¶ 58-69).

---

[1] The order with all attachments is available by search on the Florida Board of Medicine website at: https://appsmqa.doh.state.fl.us/MQASearchServices/EnforcementActionsPractitioner

Page 2

On April 6, 2016, the NYSDOH brought the disciplinary proceeding at issue, charging plaintiff with violating New York Education Law § 6530(9)(b) and (d) on the grounds that a duly authorized professional disciplinary agency of another state found that she committed improper practices that would be professional misconduct under New York law, and took disciplinary action against her based on such conduct (see Statement of Charges, First and Second Specifications, Exhibit B hereto).[2]  The NYSDOH also charged plaintiff with fraudulent practice and filing a false report because her license renewal application submitted to the New York State Education Department, dated January 5, 2016, falsely stated that no disciplinary action had been taken against her by another state's board since her last (biennial) registration application (id., Third and Fourth Specifications).

On June 16, 2016, a three-member panel of the NYSDOH's State Board of Professional Medical Conduct conducted a disciplinary hearing on these charges and it is expected to issue a decision within several weeks.

## 1.   The District Court Lacks Subject Matter Jurisdiction

At the outset, plaintiff flatly errs in claiming that this Court has subject matter jurisdiction under 42 U.S.C. §§ 1983 and 1985 to redress her purported deprivations of due process and equal protection rights by NYSDOH (Plt. Ltr. at 2).

It is well-established that the Eleventh Amendment bars private individuals from suing state agencies and departments in federal court, regardless of the relief sought. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-102 (1984); Dube v. SUNY, 900 F.2d 587, 594-95 (2d Cir. 1990).  This immunity is jurisdictional in nature and may be considered sua sponte by the Court. Atl. Healthcare Benefits Trust v. Googins, 2 F.3d 1, 4 (2d Cir. 1993).

It is equally settled that New York State has not waived its Eleventh Amendment immunity. Mamot v. Bd. of Regents, 367 F. App'x 191, 192-93 (2d Cir. 2010); Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 39-40 (2d Cir. 1977) (New York's consent to be sued in the state Court of Claims does not waive its immunity in federal court).  Moreover, 42 U.S.C. §§ 1983 and 1985 do not abrogate it. Dube, 900 F.2d at 594; (dismissing Section 1983 claim against state agency); Keitt v. N.Y.C., 882 F.Supp.2d 412, 424 (S.D.N.Y. 2011) (dismissing Section 1983 and 1985 claims against state agencies).

This case therefore should be dismissed on Eleventh Amendment grounds. Cf. Frelix v. S.N.Y., 2015 U.S. Dist. LEXIS 17390 at *4 (S.D.N.Y. Feb. 4, 2015) (dismissing sua sponte attorney's complaint against the state as frivolous); Nwabue

[2] Available by search on the NYSDOH website at:
http://w3.health.state.ny.us/opmc/factions.nsf/physiciansearch?openform

Page 3

v. NYSDOH, 2013 U.S. Dist. LEXIS 18756 at **7-8 (W.D.N.Y. Feb. 12, 2013)
(dismissing 42 U.S.C. §§ 1983 and 1985 suit against NYSDOH); Kosich v.
NYSDOH, 2006 U.S. Dist. LEXIS 98292 at *4 (N.D.N.Y. Aug. 21, 2006) (dismissing
doctor's complaint against NYSDOH pursuant to 11th Amendment). See also
Sharma v. Johnston, 2010 U.S. Dist. LEXIS 139731 at **32-33 (S.D. Fla. Dec. 13,
2010) (Florida medical board entitled to same immunity).

### 2.     Younger Abstention Applies In Any Event

        Even if this action were not jurisdictionally barred, the doctrine of Younger v.
Harris, 401 U.S. 37 (1971), would require the Court to abstain from hearing it.

        In Sprint Communications, Inc. v. Jacobs, 134 S. Ct. 584, 592-93 (2013), the
Supreme Court reaffirmed the principle that federal abstention is mandatory when
necessary to prevent interference with a state criminal or a civil enforcement
proceeding, including professional misconduct disciplinary cases. See Mir v. Shah,
569 F. App'x 48, 51 (2d Cir. 2014).  In Mir, the Second Circuit explicitly held that
New York disciplinary proceedings brought under PHL § 230 are sufficiently similar
to criminal prosecutions to warrant Younger abstention. Id.

        Plaintiff utterly fails to make a showing of "bad faith, harassment or any
other unusual circumstance" required to overcome the strong policy favoring
abstention. Younger, 401 U.S. at 54.  Notably, plaintiff received an extensive
hearing in Florida, where she had opportunity to, inter alia, testify, present
evidence and be represented by counsel (Exh. A, Recommended Order at 1-26).
Florida thereafter made detailed findings that she committed serious medical
misconduct, including violating the standard of care for an infectious disease
practitioner and improperly prescribing medications (id. at ¶¶ 21-27, 40-48, 58-69).
Such acts clearly would be professional misconduct in New York. Cf. Matter of
D'Ambrosio v. NYSDOH, 4 N.Y.3d 133, 141 (2005).  As the NYSDOH proceeding
has a legitimate purpose, federal abstention is warranted. Diamond "D" Constr.
Corp. v. McGowan, 282 F.3d 191, 200-201 (2d Cir. 2002) (vacating lower court's
refusal to abstain based on Younger).

        Further, petitioner's vague claim that NYSDOH is violating her due process
rights is meritless.  PHL § 230 disciplinary proceedings afford due process of law,
Mir v. Shah, 2012 U.S. Dist. LEXIS 112498 at **10-16 (S.D.N.Y. Aug. 8, 2012), aff'd,
569 F. App'x 48 (2d Cir. 2014), and are sufficiently judicial in nature to warrant
granting absolute immunity to the administrative judges and prosecutors therein.
Applewhite v. Briber, 506 F.3d 181 (2d Cir. 2007); Mir v. Bogan, 2015 U.S. Dist.
LEXIS 39511 (S.D.N.Y. Mar. 26, 2015).[3]  Plaintiff does not suffer a "legally

---

[3]  Consequently, plaintiff's threat to amend the complaint to add damages claims against Timothy
Mahar, the prosecutor in her proceeding, is not a valid reason to continue this case.

cognizable injury" merely by undergoing a hearing that might result in disciplinary action. Galin v. Chassin, 217 A.D.2d 446, 447 (1ˢᵗ Dept. 1995) (citations omitted); cf. Narumanchi v. Bd. of Trs. of the Conn. State Univ., 850 F.2d 70, 72 (2d Cir. 1988) (failure to submit to a grievance process precludes court consideration of the fairness of the proceeding in practice).

Petitioner further errs in claiming that her proceeding is premature under Education Law § 6530(9)(c) (Plt. Ltr. at 1). NYSDOH has charged plaintiff under Sections 6530(9)(b) and (d) (Exh. B hereto), which do not require another state's order to be final to constitute professional misconduct in New York. Cf. Matter of Ricci v. Chassin, 220 A.D.2d 828, 829 (3d Dept. 1995) (the Legislature clearly omitted language requiring finality in Section 6530[9][d]). Plaintiff's claim that her Florida appeal is still pending (Plt. Ltr. at 2) is faulty in any event. See Uppal v. Florida Dept. of Health Bd. of Med., 2016 Fla. LEXIS 1178 (Sup. Ct. Fla., May 23, 2016) (dismissing case for lack of jurisdiction, indicating that no motion for rehearing or reinstatement will be entertained). Moreover, the docket for plaintiff's appeal shows that her stay applications were denied (Exhibit C hereto at 1/12/2015, 3/5/2015, 3/26/2015 and 6/25/2015), and as this Court observed, her federal case against the Florida medical board was dismissed for failure to prosecute.

Nor has NYSDOH compelled plaintiff to proceed without representation (Ptf. Ltr. at 3). As discussed in the Affirmation of Timothy Mahar, dated July 6, 2016, Mr. Dermesropian has never represented plaintiff in New York's disciplinary case and she appeared pro se voluntarily. In any event, these type of claims may be presented on administrative appeal or upon CPLR Article 78 review of a final determination. Mir, 2012 U.S. Dist. LEXIS 112498 at ** 8-9; Matter of D'Ambrosio, 4 N.Y.3d at 140-141 (reviewing due process issues); Matter of Smith v. NYSDOH, 66 A.D.3d 1144 (3d Dept. 2009) (challenges to evidentiary rulings); Matter of Mehulic v. SBPMC, 107 A.D.3d 1066, 1068 (3d Dept. 2013) (reviewing claims arising from petitioner's absence from hearing). Plaintiff may also seek a temporary stay of the final determination upon court review. PHL §230-c(5).

At bottom, plaintiff's refusal to accept Florida's determination does not require New York to rehear Florida's disciplinary case. Due process permits NYSDOH to rely on the findings of another state's "able and competent adjudicative body" to bring a disciplinary proceeding. See Mir, 2012 U.S. Dist. LEXIS 112498 at *14; see also, Moran v. NYSDOH, 1997 U.S. App. LEXIS 7173 at **7-8 (2d Cir. Apr. 15, 1997) (summary order) (rejecting due process challenge to Educ. Law § 6530[9][b] and [d] because the physician had full opportunity to defend the charges in the out-of-state proceeding); D'Ambrosio, 4 N.Y.3d at 141 (accord); Matter of Bursztyn v. Novello, 42 A.D.3d 596, 598 (3d Dept. 2007) (physician cannot use PHL § 230 to relitigate another state board's determination). Her equal protection claim is also baseless, as "avoiding the use of scarce resources to re-litigate charges that have already been adjudicated - - is certainly rational." Moran, supra at *8; see also

Page 5

<u>Giammatteo v. Newton</u>, 452 F. App'x 24, 30 (2d Cir. 2011) (rejecting discrimination case for failure to allege that a similarly situated person received disparate treatment).

### 3.     <u>Venue Belongs In The Northern District Of New York</u>

If the Court does not dismiss this case, venue should be transferred to the Northern District of New York.  Plaintiff's venue choice is improper because no part of the "events or omissions" giving rise to her claim occurred in the Southern District of New York. 42 U.S.C. §1391(a)(2).

Plaintiff fails to show any nexus between her claims against NYSDOH and this district.  To the contrary, the sole events in the complaint involving NYSDOH concern its disciplinary proceeding held in Albany County.  Transfer of the case to the Northern District is therefore appropriate. <u>U.S. v. Taconic Hills Cent. Sch. Dist.</u>, 8 F. Supp.3d 339, 344-45 (S.D.N.Y. 2014) (venue improper in S.D.N.Y. where sole events giving rise to claims asserted by plaintiff occurred in the Northern District of New York); <u>Fedele v. Harris</u>, 18 F. Supp.3d 309,  317-19 (E.D.N.Y. 2014) (transferring to N.D.N.Y., where defendants took the challenged actions); <u>Matta v. Roswell Park Cancer Inst. Corp.</u>, 2011 U.S. Dist. LEXIS 81006 at *23 (S.D.N.Y. July 26, 2011) (transferring venue to Western District of New York, where the operative facts occurred).

Thank you for your Honor's consideration of this matter.

Respectfully submitted,

James M. Hershler
Assistant Attorney General

encs.
cc: Rudy Dermesropian, Esq. (via ECF).