UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | |
|---|---|
| NEELAM UPPAL, | Civil Action No. 16-CV-3038(VSB) |
| Plaintiff, | |
| -against- | **DECLARATION OF RUDY A. DERMESROPIAN, ESQ.** |
| NEW YORK STATE DEPARTMENT OF HEALTH, FLORIDA DEPARTMENT OF HEALTH, FLORIDA DEPARTMENT OF MEDICINE | **IN SUPPROT OF MOTION TO WITHDRAW AS COUNSEL** |
| Defendants. | |

------------------------------------------------------------------X

Rudy A. Dermesropian, hereby affirms the following under penalty of perjury:

1. I am the managing member with The Law Office of Rudy A. Dermesropian, LLC, attorneys for Plaintiff Neelam Uppal ("Plaintiff" and/or "Uppal") and I respectfully submit this Declaration in support of the motion to withdraw as counsel for the Plaintiff.

2. On April 25, 2016, Plaintiff Uppal brought this *pro se* action seeking, in part, to enjoin the New York State Department of Health ("NYSDOH") from attempting to revoke her medical license [Dkt. No. 1].

3. On April 27, 2016, this Court issued an Order to Show Cause directing the Plaintiff to show cause why this action should not be dismissed or transferred to the United States District Court for the Northern District of New York. [Dkt. No. 3].

4. On May 13, 2016, I appeared in this case on behalf of Plaintiff by filing a Notice of Appearance [Dkt. No. 5].

5. After appearing in Court on May 13, 2016 to address the Order to Show cause issued by the Honorable Vernon S. Broderick, U.S.D.J., Plaintiff was directed to submit a letter addressing certain issues raised by the Court.

6. In Plaintiff's June 27, 2016 letter, Plaintiff notified the Court and Defendants' counsel that "Plaintiff intends to amend her Complaint to bring, in part, claims against Tim Mahar ("Mr. Mahar"), an official of the NYSDOH, for the intentional misrepresentations he made against Plaintiff stripping her of her due process rights and equal protection of the laws."

7. However, before the Court ruled on the Order to Show Cause, Plaintiff filed a First Amended Complaint on a *pro se* form without my, or anyone from my office's, knowledge or involvement.

8. Furthermore, Plaintiff has not made payments of our attorney's fees in this matter.

9. To date, The Law Office of Rudy A. Dermesropian, LLC has not been paid for the legal services it has rendered since May 2016.

10. As a result, we have advised Plaintiff Uppal that we have no choice but to make an application to the Court to withdraw as counsel and Plaintiff consents to The Law Office of Rudy A. Dermesropian, LLC withdrawing as counsel and had informed us that she would try to move forward with this matter on her own.

11. Local Rules of the United States District Court for the Southern District of New York, Rule 1.4 provides: "An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties."

12. It is well-settled law that non-payment of legal fees constitutes a "satisfactory reason" for granting a motion for withdrawal pursuant to Local Rule 1.4. See *Clover v. Shiva Realty of Mulberry*, 2011 U.S. Dist. LEXIS 112309, at *6 (S.D.N.Y. 2011) (granting counsel's motion to withdraw for non-payment) (citing *HCC, Inc. v. R H & M Mach. Co.*, 1998 U.S. Dist. LEXIS 10977, 1998 WL 411313, at *1 (S.D.N.Y. 1998); *Kolacek v. Gernexco Trading, Inc*., 1992 U.S. Dist. LEXIS 571, 1992 WL 14991, at *1 (S.D.N.Y. 1992)).

13. "It is well-settled as a general matter that a client's inability or refusal to pay can constitute a valid ground for withdrawal from representation." *Team Obsolete, Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164,165 (E.D.N.Y. 2006); *Police Officers for a Proper Promotional Process v. Port Auth. of New York and New Jersey*, 2012 WL 4841849, at *1 (S.D.N.Y. 2012).

14. Accordingly, courts in this district repeatedly held that counsel should not be compelled to represent a client pro bono. *HCC, Inc.* at *1 (S.D.N.Y. 1998) (granting withdrawal and stating that it would not "impose on counsel an obligation to continue representing [corporate] defendants pro bono").

15. Furthermore, where discovery has not yet closed and a case is not "on the verge of trial readiness," withdrawal of counsel is unlikely to cause either prejudice to the client or such substantial disruption to the proceedings as to warrant a denial of leave to withdraw. *Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12 Civ. 7424 (JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013) (quoting *Blue Angel Films, Ltd. v. First Look Studios, Inc*., No. 08 Civ. 6469 (DAB)(JCF), 2011 WL 672245, at *2 (S.D.N.Y. Feb. 17, 2011)); accord Kar*imian v. Time Equities, Inc.*, No. 10 Civ. 3773 (AKH) (JCF), 2011 WL 1900092, at *3 (S.D.N.Y. May 11, 2011).

16. Indeed, courts frequently grant motions to withdraw as counsel at equivalent, or even later, stages of litigation. See, e.g., *D.E.A.R. Cinestudi S.P.A. v. Int'l Media Films, Inc.*, No.

03 Civ. 3038 (RMB), 2006 WL 1676485, at *1-2 (S.D.N.Y. Jun. 16, 2006) (granting counsel's motion to withdraw due to lack of payment of fees where discovery was complete and trial was months away); *Spadola v. New York City Trans. Auth.*, No. 00 CIV 3262, 2002 WL 59423, at *1 (S.D.N.Y. Jan. 16, 2002) (allowing counsel to withdraw where discovery had been completed and client had not paid outstanding legal fees because client "would not be unduly prejudiced by his counsel's withdrawal at this stage of litigation."); *Promotica of America, Inc. v. Johnson Grossfield, Inc.*, No. 98 CIV. 7414, 2000 WL 424184, at *1-2 (S.D.N.Y. Apr. 18, 2000) (granting motion to withdraw where discovery was closed and case was ready for trial); Cf. Furlow v. City of New York, No. 90 Civ. 3956 (PKL), 1993 WL 88260, at *2 (S.D.N.Y. Mar. 22, 1993) (where document discovery was complete but depositions had not been taken, withdrawal permissible because "this action is not trial ready and resolution of this matter will not be delayed substantially by counsel's withdrawal at this juncture").

17. For all of the foregoing reasons, The Law Office of Rudy A. Dermesropian, LLC respectfully requests that the Court grant the relief requested herein and enter an Order that The Law Office of Rudy A. Dermesropian, LLC is relieved as counsel of record for Defendants.

18. I affirm under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
January 6, 2017

>                       LAW OFFICE OF RUDY A. DERMESROPIAN, LLC
>                       *Attorneys for Plaintiff Neelam Uppal*
>
>                       By: _____/s/ Rudy A. Dermesropian_____
>                           Rudy A. Dermesropian (RD 8117)
>                           45 Broadway, Suite 1420
>                           New York, New York 10006
>                           (646) 586-9030