UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NEELAM UPPAL,

                              Plaintiff,

         - against -                                16 CIV 3038 (VSB)

NYS DEPARTMENT OF HEALTH,
FLORIDA DEPARTMENT OF HEALTH,
FLORIDA BOARD OF MEDICINE,

                              Defendants.
------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF THE NEW YORK DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

                                        ERIC T. SCHNEIDERMAN
                                        Attorney General of the
                                        State of New York
                                        **Attorney for NY Defendants**
                                        120 Broadway
                                        Tel. No.: (212) 416-8590
                                        email: James.Hershler@ag.ny.gov

JAMES M. HERSHLER
Assistant Attorney General
 of Counsel

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................... ii

Introduction.................................................................................... 1

Factual Background ........................................................................ 1

Standard of Review ........................................................................ 3

ARGUMENT ................................................................................... 5

POINT I        THE COURT SHOULD DISMISS THE COMPLAINT BASED
               ON YOUNGER ABSTENTION ............................................... 5

POINT II       PLAINTIFF'S CLAIMS AGAINST DEFENDANT NYSDOH
               MUST ALSO BE DISMISSED BASED ON ELEVENTH
               AMENDMENT IMMUNITY ................................................ 9

POINT III      THE COMPLAINT AGAINST MAHAR SHOULD BE
               DISMISSED FOR NON-SERVICE AND BECAUSE HE IS
               PROTECTED BY ABSOLUTE PROSECUTORIAL IMMUNITY ....... 11

A.    Plaintiff Failed To Serve Defendant Mahar ................................ 11
B.    Mahar Has Absolute Immunity From Plaintiff's Damages Claims.................... 13

POINT IV       PLAINTIFF FAILS TO STATE A DUE PROCESS CLAIM ............. 14

POINT V        THE REMAINDER OF PLAINTIFF'S CLAIMS ARE
               MERITLESS ................................................................... 18

A.    No Equal Protection or Conspiracy Claim ................................... 18
B.    No Employment Discrimination Claim.......................................... 19

POINT VI       PLAINTIFF'S STATE LAW CLAIMS SHOULD BE
               DISMISSED FOR LACK OF JURISDICTION ........................... 21

CONCLUSION ................................................................................. 22

# TABLE OF AUTHORITIES

CASES                                                                      Page(s)

Alfaro Motors, Inc. v. Ward,
    814 F.2d 883 (2d Cir. 1987) ................................................................. 17

Applewhite v. Briber,
    506 F.3d 181 (2d Cir. 2007) ............................................................... 13

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) ........................................................................... 4

Astoria Gen. Contracting Corp. v. Office of the Comptroller,
    159 F. Supp. 3d 385 (S.D.N.Y. 2016) .................................................. 7

Atl. Healthcare Benefits Trust v. Googins,
    2 F.3d 1 (2d Cir. 1993) ...................................................................... 9

Bd. of Trs. of the Univ. of Ala. v. Garrett,
    531 U.S. 356 (2001) ........................................................................... 10

Beauvoir v. U.S. Secret Serv.,
    234 F.R.D. 55 (E.D.N.Y. 2006) ......................................................... 12

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) ........................................................................... 4

Blake v. Ambach,
    691 F. Supp. 651 (S.D.N.Y. 1988) (accord) ...................................... 17

Bonaby v. N.Y.C. Taxi & Limousine Comm'n,
    No. 02 Civ. 5423(LAP), 2003 WL 21649453 (S.D.N.Y. July 14, 2003) ................. 21

Cameron v. Zucker,
    17-cv-3420 (JGK), 2017 WL 2462692 (S.D.N.Y. June 7, 2017) ............ 5, 9

Cassano v. Altshuler,
    186 F. Supp. 3d 318 (S.D.N.Y. 2016) ................................................ 12

Cave v. E. Meadow Union Free Sch. Dist.,
    514 F.3d 240 (2d Cir. 2008) ............................................................... 22

Chalasani v. Daines,
    No. 10-CV-1978 (RRM)(RML), 2011 WL 4465408 (E.D.N.Y. Sept.
    26, 2011) (adopting R & R, 2011 WL 4465564 (June 30, 2011)) ............... 16, 17, 18

Cortec Indus., Inc. v. Sum Holding L.P.,
        949 F.2d 42 (2d Cir. 1991) .................................................................... 4

Diamond "D" Constr. Corp. v. McGowan,
        282 F.3d 191 (2d Cir. 2002) ............................................................. 5, 9

Dube v. SUNY,
        900 F.2d 587 (2d Cir. 1990) ................................................................ 10

Evans v. NYSDOH,
        189 F.3d. 460, 1999 WL 568052 (2d Cir. 1999) .............................. 10, 11

Gage v. NYSDOH,
        204 F. Supp. 2d 399 (N.D.N.Y. 2002) ................................................ 11

Gulino v. N.Y. State Educ. Dep't,
        460 F.3d 361 (2d Cir. 2006) ................................................................ 20

Hall v. Town of Brighton,
        No. 13-CV-6155T, 2014 WL 340106 (W.D.N.Y. Jan. 30, 2014) ............................ 19

Harris v. Mills,
        572 F.3d 66 (2d Cir. 2009) .................................................................. 16

Heller v. Consol. Rail Corp.,
        331 Fed. App'x 766 (2d Cir. 2009) ...................................................... 20

Huang v. AirMedia Group Inc.,
        1:15-cv-04966, 2017 WL 1157134 (S.D.N.Y. Mar. 27, 2017) ................................ 11

Huffman v. Pursue, Ltd.,
        420 U.S. 592 (1975) ......................................................................... 5, 6

Imbler v. Pachtman,
        424 U.S. 409 (1976) ........................................................................... 14

In re Charter Oak Assoc.,
        361 F.3d 760 (2d Cir. 2004) .................................................................. 9

Khan v. Khan,
        360 Fed. App'x 202 (2d Cir. 2010) ...................................................... 11

Kimel v. Fla. Bd. of Regents,
        528 U.S. 62 (2000) ............................................................................ 10

Kirschner v. Klemons,
        225 F.3d 227 (2d Cir. 2000) .......................................................... 6, 7, 8

Kosich v. NYSDOH,
 No. 1:06-CV-246, 2006 U.S. Dist. LEXIS 98292 (N.D.N.Y. Aug. 21,
 2006) ............................................................................................................ 11

Krys v. Pigott,
 749 F.3d 117 (2d Cir. 2014) ...................................................................... 4

Levy v. Cohen,
 No. 09-CV-2734 (NGG)(LB), 2010 WL 4065607 (E.D.N.Y. Oct. 14,
 2010), aff'd, 439 Fed. App'x 30 (2d Cir. 2011) ..................................... 16

Liang v. City of New York,
 No. 10-CV-3089(ENV)(VVP), 2013 WL 5366394 (E.D.N.Y. Sept. 24,
 2013) ............................................................................................................ 19

Maddaloni Jewelers, Inc. v. Rolex Watch U.S.A., Inc.,
 354 F. Supp. 2d 293 (S.D.N.Y. 2004) ...................................................... 22

Makarova v. United States,
 201 F.3d 110 (2d Cir. 2000) ........................................................................ 3

Malsh v. Austin,
 901 F. Supp. 757 (S.D.N.Y. 1995) ............................................................ 19

Mamot v. Bd. of Regents,
 367 Fed. App'x 191 (2d Cir. 2010) ........................................................... 10

Marino v. Ameruso,
 837 F.2d 45 (2d Cir. 1988) ......................................................................... 18

Matter of Bursztyn v. Novello,
 42 A.D.3d 596 (3d Dep't 2007) .................................................................... 2

Matter of Chatelain v. NYSDOH,
 48 A.D.3d 943 (3d Dep't 2008) .................................................................. 17

Matter of D'Ambrosio v. NYSDOH,
 4 N.Y.3d 133 (2005) ............................................................................... 8, 15

Matter of Khan v. NYSDOH,
 17 A.D.3d 938 (3d Dep't 2005) .................................................................. 17

Matter of Ricci v. Chassin,
 220 A.D.2d 828 (3d Dep't 1995) ................................................................... 8

Mikhail v. Bentley,
 No. 96 CIV. 7987(JSM), 1997 WL 225799 (S.D.N.Y. May 6, 1997) ............... 20, 21

Mir v. Bogan,
    No. 13 Civ. 9172(PGG), 2015 WL 1408891 (S.D.N.Y. Mar. 27, 2015),
    aff'd, 668 Fed. App'x 368 (2016) .............................................................. 13

Mir v. Shah,
    No. 11 Civ. 5211 (BSJ)(KNF), 2012 WL 3229308 (S.D.N.Y. Aug. 8,
    2012), recons. denied, 2012 WL 6097770 (Dec. 4, 2012), aff'd, 569
    Fed. App'x 48 (2d Cir. 2014) .................................................... 5, 8, 9, 15

Mishtaku v. City of New York,
    14-CV-839 (VSB), 2015 WL 13002182 (S.D.N.Y. May 4, 2015) ............................. 4

Moran v. NYSDOH,
    111 F.3d 123, 1997 WL 183770 (2d Cir. 1997) ................................................. 15, 19

Moye v. City of New York,
    No. 11 Civ. 316(PGG), 2012 WL 2569085 (S.D.N.Y. July 3, 2012)...................... 14

Nwabue v. NYSDOH,
    No. 10-CV-133S, 2013 WL 557230 (W.D.N.Y. Feb. 12, 2013) ............................... 11

Ostrer v. Aronwald,
    567 F.2d 551 (2d Cir.1977) .......................................................................... 19

Pani v. Empire Blue Cross Blue Shield,
    152 F.3d 67 (2d Cir. 1998) ............................................................................ 4

Pennhurst State Sch. & Hosp. v. Halderman,
    465 U.S. 89 (1984)....................................................................................... 10

Pinaud v. Cnty. of Suffolk,
    52 F.3d 1139 (2d Cir. 1995) .......................................................................... 14

Powers v. Karen,
    768 F. Supp. 46 (E.D.N.Y. 1991), aff'd, 963 F.2d 1522 (2d Cir. 1992) ................. 21

Pratt v. Hogan,
    631 F. Supp. 2d 192 (N.D.N.Y. 2009)............................................................. 7

Rosario v. Sterling Entm't, LLC,
    No. 8 Civ. 4369, 2009 WL 1683351 (S.D.N.Y. June 16, 2009) ............................. 4

Schlagler v. Phillips,
    166 F.3d 439 (2d Cir. 1999) ........................................................................... 9

Selkin v. BPMC,
    63 F. Supp. 2d 397 (S.D.N.Y. 1999)............................................................... 6, 9

Spinale v. United States,
 No. 03-cv-1704 (KMW), 2005 WL 659150 (S.D.N.Y. Mar. 16, 2005),
 subsequently aff'd sub nom., Spinale v. Ball, 352 Fed. App'x 599 (2d
 Cir. 2009) ..................................................................................................... 12

Sprint Comm'ns, Inc. v. Jacobs,
 134 S.Ct. 584 (2013) ................................................................................. 5, 6

Sunnen v. New York,
 No. 10 Civ. 372 (PKC), 2010 WL 3912728 (S.D.N.Y. Sept. 10, 2010) ................... 20

United Mine Workers of Am. v. Gibbs,
 383 U.S. 715, 726 (1966))) ....................................................................... 22

Uppal v. Fla. Dep't of Health Bd. of Med.,
 197 So.3d 51 (Fla. Dist. Ct. App. May 11, 2016), review dismissed,
 2016 WL 2982393 (Fla. May 23, 2016) ..................................................... 8

Will v. Mich. Dep't of State Police,
 491 U.S. 58 (1989) ...................................................................................... 10

Yacklon v. E. Irondequoit Cent. Sch. Dist.,
 733 F. Supp. 2d 385 (W.D.N.Y. 2010) .................................................... 21

Yoonessi v. BPMC,
 No. 03-CV-871S, 2005 WL 645223 (W.D.N.Y. Mar. 21, 2005), aff'd,
 162 Fed. App'x 63 (2d Cir. 2006) ...................................................... 7, 14

Younger v. Harris,
 401 U.S. 37 (1971) .................................................................................. 5, 7

**CONSTITUTIONAL PROVISIONS**

Eleventh Amendment ..................................................................... 3, 9, 10, 11

**FEDERAL STATUTES**

18 U.S.C.
 §§ 241 and 242 ......................................................................................... 21

42 U.S.C.
 § 1981 .................................................................................................... 10, 11
 § 1983 ............................................................................................. 10, 11, 17
 § 1985 .................................................................................................... 10, 11

Age Discrimination in Employment Act of 1967, 29 U.S.C.
 §§ 621-34 ......................................................................................... 10, 20, 21

Americans with Disabilities Act Title I, 42 U.S.C.
    §§ 12112-12117 ................................................................................. 10, 20, 21

Civil Rights Act Title VII, 42 U.S.C.
    §§ 2000e, et seq. .............................................................................. 10, 20, 21

**FEDERAL RULES**

Fed. R. Civ. P. 4[m] ............................................................................... 12

Fed. R. Civ. P. 12(b)(1) ........................................................................ 1, 3

Fed. R. Civ. P. 12(b)(2) ......................................................................... 11

Fed. R. Civ. P. 12(b)(5) ..................................................................... 1, 11

Fed. R. Civ. P. 12(b)(6) ...................................................................... 1, 4

**STATE STATUTES**

Education Law
    § 6510 ............................................................................................... 7
    § 6530(2) and (21) ........................................................................ 1, 2
    § 6530(9)(b) and (d) .................................................................. 1, 8, 15

Public Health Law ("PHL")
    § 230 ........................................................................... 1, 15, 20, 21
    § 230(10) .................................................................................. 13, 15
    § 230(10)(c-f) ................................................................................ 2, 6
    § 230(10)(c-f) and (p) ..................................................................... 16
    § 230(10)(f) ..................................................................................... 15
    § 230(10)(p) ................................................................................... 2, 6
    § 230-c(4-5) ..................................................................................... 16
    § 230-c(5) .......................................................................................... 6

**MISCELLANEOUS AUTHORITIES**

Florida Department of Health's website at:
    https://appsmqa.doh.state.fl.us/MQASearchServices/EnforcementAc
    tionsPractitioner ............................................................................... 1

NYSDOH's website at:
    https://www.health.ny.gov/professionals/doctors/conduct/ ....................... 2

## Introduction

This memorandum of law is submitted by defendants New York State Department of Health ("NYSDOH") and Timothy Mahar ("Mahar") (collectively the "NY Defendants") in support of their motion to dismiss the complaint in this action pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (5) and (6), based upon Younger abstention, lack of subject matter and personal jurisdiction and failure to state a claim upon which relief may be granted.

## Factual Background

On or about January 8, 2015, the Florida Board of Medicine determined that plaintiff, a physician specializing in the treatment of infectious disease, had repeatedly committed medical malpractice, inappropriately prescribed medications and failed to maintain adequate patient records.  Based upon those findings it issued a disciplinary order that <u>inter alia</u>, suspended her Florida license for six months, placed her on probation and imposed a $10,000 fine (Dkt. No. 15-1, Final Order at pp. 5-12).[1]  On January 5, 2016, about a year later, plaintiff filed an application to renew her New York license which denied that another state had disciplined her.  In April 2016, the NYSDOH brought a proceeding under Public Health Law ("PHL") § 230 charging plaintiff with violating Education Law § 6530(9)(b) and (d) because her misconduct in Florida would constitute professional misconduct in New York (Dkt. No. 15-3, Statement of Charges).  The NYSDOH also brought charges of fraudulent practice and willfully filing a false report under

---

[1] Florida's disciplinary order against plaintiff is available on the Florida Department of Health's website at: https://appsmqa.doh.state.fl.us/MQASearchServices/EnforcementActionsPractitioner

1

Education Law § 6530(2) and (21), because plaintiff's license renewal application failed to disclose the Florida disciplinary order (id).

The NYSDOH's charges arising from Florida's order were subject to an expedited reciprocal, or "referral" hearing, in which the evidence and testimony is limited to the "nature and severity of the penalty" to be imposed. PHL § 230(10)(p); Matter of Bursztyn v. Novello, 42 A.D.3d 596, 598 (3d Dep't 2007).   The charges concerning plaintiff's New York medical license renewal were subject to the general hearing procedures in PHL § 230(10)(c-f).

After a combined hearing was held on all charges, NYSDOH's Board for Professional Medical Conduct ("BPMC") found plaintiff guilty of the misconduct alleged and, as a penalty, imposed a censure and reprimand with a requirement for two years of probation (Dkt. No. 33-1, BPMC Determination and Order, issued August 24, 2016).  On administrative appeal, the Administrative Review Board for Professional Medical Conduct ("ARB") affirmed the BPMC's misconduct findings (Dkt. No. 33-2, ARB Determination and Order, issued January 31, 2017).  However, noting that plaintiff committed fraudulent misconduct, showed no remorse or intention to correct the deficiencies in her practice and that she failed to satisfy Florida's penalty, the ARB revoked her New York license (id. at pp. 11-12).[2]

Plaintiff filed this case on or about April 24, 2016, seeking declaratory and injunctive relief against NYSDOH's disciplinary proceeding on the grounds that it violated her constitutional rights (Dkt. No. 1, Emergency Complaint for Declaratory

---

[2] The determinations of the BPMC and ARB are available on the NYSDOH's website at: https://www.health.ny.gov/professionals/doctors/conduct/

and Injunctive Relief ["Complaint"] at pp. 19-20).  On September 22, 2016, plaintiff

filed an Amended Complaint for Employment Discrimination ["Amended

Complaint"], that added Tim Mahar, NYSDOH's prosecutor, as a defendant and

demanded $120 million damages (Dkt. No. 17).  On February 14, 2017, plaintiff

filed an unsigned order to show cause in this case seeking to stay the revocation of

her medical license (Dkt. No. 28) ("Pltf. OSC").  On or about March 1, 2017, plaintiff

commenced a CPLR Article 78 proceeding in New York's Appellate Division, Third

Department that also challenged her license revocation, which proceeding is

currently pending (Dkt. Nos. 33-3, 33-4 and 37).

     For the reasons that follow, the complaint in this action should be dismissed

on multiple grounds, including that (1) the doctrine of Younger abstention bars the

Court from interfering in plaintiff's state court appeal from her disciplinary order,

(2) the Eleventh Amendment bars plaintiff from suing the NYSDOH in this Court,

(3) defendant Mahar has never been served, and would be entitled to absolute

prosecutorial immunity from plaintiff's claims in any event, and (4) the complaint

fails to state a claim for relief.

## Standard of Review

     On a Rule 12(b)(1) motion to dismiss, the plaintiff has the burden of proving

by a preponderance of the evidence that subject matter jurisdiction exists, and the

Court may rely on evidence outside the pleadings in deciding the motion. Makarova

v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

On a Rule 12(b)(6) motion to dismiss, the Court determines if the complaint itself contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  In so doing, the Court accepts the factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor. <u>Krys v. Pigott</u>, 749 F.3d 117, 128 (2d Cir. 2014).  However, the Court need not accept plaintiff's legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." <u>Iqbal</u>, 556 U.S. at 678.  Further, the Court should liberally construe a <u>pro</u> <u>se</u> complaint in plaintiff's favor, but it has no duty to rewrite it. <u>Mishtaku v. City of New York</u>, 14-CV-839 (VSB), 2015 WL 13002182, at *3 (S.D.N.Y. May 4, 2015).

Finally, in deciding a Rule 12(b)(6) motion, the Court may consider documents appended to or incorporated by reference in the complaint and matters of which judicial notice may be taken, such as materials available in the public record. <u>Pani v. Empire Blue Cross Blue Shield</u>, 152 F.3d 67, 75 (2d Cir. 1998); <u>Cortec Indus., Inc. v. Sum Holding L.P.</u>, 949 F.2d 42, 47 (2d Cir. 1991); <u>Rosario v. Sterling Entm't, LLC</u>, No. 8 Civ. 4369, 2009 WL 1683351, at *2 (S.D.N.Y. June 16, 2009) (accord).

## ARGUMENT

### POINT I

### THE COURT SHOULD DISMISS THE COMPLAINT BASED ON YOUNGER ABSTENTION

The doctrine of <u>Younger v. Harris</u>, 401 U.S. 37, 43-44 (1971), requires a federal court to abstain from interfering in ongoing state criminal proceedings and certain civil enforcement proceedings that are "akin to a criminal prosecution" in "important respects." <u>Sprint Comm'ns, Inc. v. Jacobs</u>, 134 S.Ct. 584, 592 (2013) (quoting <u>Huffman v. Pursue, Ltd.</u>, 420 U.S. 592, 604 (1975)).

Generally, "Younger abstention is required when three conditions are met: (1) there is an ongoing state [enforcement] proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." <u>Diamond "D" Constr. Corp. v. McGowan</u>, 282 F.3d 191, 198 (2d Cir. 2002).

Those requirements are clearly met here.  The Courts have found that NYSDOH's disciplinary proceedings are civil enforcement proceedings covered by the Younger doctrine. <u>See</u> <u>Mir v. Shah</u>, No. 11 Civ. 5211 (BSJ)(KNF), 2012 WL 3229308, at *3 (S.D.N.Y. Aug. 8, 2012) (dismissing injunctive claims against a PHL § 230(10)(p) direct referral proceeding based on Younger), <u>recons. denied</u>, 2012 WL 6097770 (Dec. 4, 2012), <u>aff'd</u>, 569 Fed. App'x 48, 50-51 (2d Cir. 2014).  <u>See also</u> <u>Cameron v. Zucker</u>, 17-cv-3420 (JGK), 2017 WL 2462692, at *4 (S.D.N.Y. June 7, 2017) (finding that a medical disciplinary proceeding, like an attorney disciplinary proceeding, is subject to Younger abstention).

5

In <u>Mir</u>, the District Court observed that "the licensure of medical professionals implicates the health and well-being of New York's citizenry, which is certainly one of the most important of state interests," and that

> it is well-established that New York provides adequate means for plaintiffs to vindicate their federal constitutional rights. <u>See</u> <u>Selkin v. BPMC</u>, 63 F. Supp. 2d 397, 402-03 (S.D.N.Y. 1999). Under PHL § 230-c(4), Plaintiff may challenge the constitutionality of the referral proceeding and the BPMC's determinations before the Administrative Review Board. Beyond that, under PHL § 230-c(5), Plaintiff may also bring an Article 78 proceeding in the Appellate Division of the New York Supreme Court, a proceeding which has repeatedly been held an adequate forum for addressing federal constitutional claims. <u>See</u> <u>id</u>. at 403 [parenthetical omitted]. (2012 WL 3229308, at *3).[3]

In this case, Dr. Uppal is currently challenging the final determination of NYSDOH's disciplinary process in a CPLR Article 78 proceeding. <u>See</u> PHL §230-c(5) (Dkt. Nos. 33-3, 33-4 and 37). However, it is well-established that a party first "must exhaust his state appellate remedies before seeking relief in the District Court." <u>Huffman</u>, 420 U.S. at 608-09. Indeed, the Supreme Court has twice assumed (without deciding) that "an administrative adjudication and the subsequent state court's review of it count as a 'unitary process' for Younger purposes." <u>Sprint</u>, 134 S.Ct. at 592 (citation omitted).

In analogous circumstances, the courts have concluded that an Article 78 proceeding to review a professional disciplinary order constitutes a state appellate remedy within the meaning of Younger. <u>Kirschner v. Klemons</u>, 225 F.3d 227, 234-35 (2d Cir. 2000) (abstaining from hearing a dentist's claims for declaratory relief when

---

[3] The review process is the same after a general hearing under PHL § 230(10)(c-f) and a referral hearing under PHL § 230(10)(p). Thus, Younger abstention should be equally applicable to both proceedings. <u>Cf</u>. <u>Selkin</u> 63 F. Supp. 2d at 402-03 (discussing scope of review in disciplinary case brought under general hearing procedures).

the subject disciplinary order was on appeal in the Third Department pursuant to Education Law § 6510); Yoonessi v. BPMC, No. 03-CV-871S, 2005 WL 645223, at *19-20 (W.D.N.Y. Mar. 21, 2005) (dismissing doctor's injunctive/declaratory claims that were brought before the conclusion of his Article 78 case challenging a license revocation), aff'd, 162 Fed. App'x 63 (2d Cir. 2006).

Consequently, unless an exception to Younger abstention applies, this Court must dismiss plaintiff's complaint for injunctive/declaratory relief against NYSDOH's disciplinary action, based on the pendency of her state court appeal from the same order. Kirschner, 225 F.3d at 237 (upholding dismissal of federal claims that could be addressed in an Article 78 proceeding); Astoria Gen. Contracting Corp. v. Office of the Comptroller, 159 F. Supp. 3d 385, 397-99 (S.D.N.Y. 2016) (federal court abstained in view of pending Article 78 proceeding); Pratt v. Hogan, 631 F. Supp. 2d 192, 196 (N.D.N.Y. 2009) (dismissing federal claims for injunctive relief where there was a state court appeal); Yoonessi, 2005 WL 645223, at *19-20.[4]

Further, plaintiff has not demonstrated that any exception to the Younger doctrine would apply here, i.e., by making a showing of "bad faith, harassment, or any other unusual circumstance" sufficient to overcome the strong policy favoring abstention in these matters. Younger, 401 U.S. at 54. While she asserts that NYSDOH's disciplinary action is "an act of retaliation and discrimination" (Dkt. No. 28, Pltf. OSC at pp. 2-3), she alleges no factual basis suggesting such a motive.

---

[4] Although the Amended Complaint's damages claims arguably are not barred by Younger, they should be dismissed for the reasons set forth in Points II-V, infra.

Kirschner, 225 F.3d at 236 ("mere conclusory allegations of bias are insufficient to overcome Younger"); Mir, 2012 WL 3229308, at *3 (conclusory allegations not enough to show bad faith).  Indeed, plaintiff appears to make similar claims about Florida's proceedings (Pltf. OSC at p. 3: "Florida DOH's re[ta]liation for sexual harassment and discrimination").  However, the Florida and New York medical board determinations nowhere reflect an illegitimate purpose.

After extensive hearings, the Florida administrative law judge made exhaustive findings that, inter alia, plaintiff repeatedly violated medical practice standards, improperly prescribed medicines and kept inadequate patient records in her treatment of a patient for a dangerous antibiotic resistant disease (MRSA) and of another patient for a chronic infection and immune deficiency (Dkt. No. 15-2, Recommended Order at ¶¶ 21-27, 40-48, 58-69).  Such acts clearly would constitute negligence on more than one occasion and other misconduct in New York (see Dkt. 33-2, ARB Determination at pp. 7-9). Cf. Matter of D'Ambrosio v. NYSDOH, 4 N.Y.3d 133, 141 (2005) (comparing definitions of malpractice and negligence).

The fact that plaintiff appealed Florida's order is immaterial to NYSDOH's direct referral charges, as they were brought under Education Law Sections 6530(9)(b) and (d). Cf. Matter of Ricci v. Chassin, 220 A.D.2d 828, 829 (3d Dep't 1995) (the Legislature clearly omitted language requiring finality in Section 6530[9][d]).[5]  Moreover, plaintiff has not disputed that her January 2016 New York

---

[5] Notably, Florida's order was affirmed before NYSDOH's hearing was held on June 16, 2016. See Uppal v. Fla. Dep't of Health Bd. of Med., 197 So.3d 51 (Fla. Dist. Ct. App. May 11, 2016), review dismissed, 2016 WL 2982393 (Fla. May 23, 2016). Moreover, plaintiff's motions to stay Florida's order were denied (Dkt. No. 15-4).

license renewal application denied that any other state had disciplined her for professional misconduct, despite the existence of Florida's disciplinary order.

New York's proceedings plainly have a legitimate basis and are well-grounded in the need to protect "the health of its citizens by regulating the practice of medicine within its borders." Selkin, 63 F. Supp. 2d at 402; Mir, 2012 WL 3229308, at *5 (government interest in regulating the practice of medicine "is of utmost importance"). Inasmuch as they constitute "a straightforward application of the laws of New York," abstention is required. Diamond "D" Constr. Corp., 282 F.3d at 200-201 (vacating lower court's refusal to abstain absent special circumstances) (quoting Schlagler v. Phillips, 166 F.3d 439, 443 (2d Cir. 1999)). See also Cameron, 2017 WL 2462692, at *6-7 (rejecting physician's conclusory claims that a disciplinary proceeding was "animated by retaliatory, harassing, or other illegitimate motive" and finding that abstention is required).

## POINT II

### PLAINTIFF'S CLAIMS AGAINST DEFENDANT NYSDOH MUST ALSO BE DISMISSED BASED ON ELEVENTH AMENDMENT IMMUNITY

Plaintiff's case against NYSDOH is also jurisdictionally precluded by the Eleventh Amendment to the Constitution, which generally bars private lawsuits against state agencies in federal courts. In re Charter Oak Assoc., 361 F.3d 760, 765 (2d Cir. 2004).(Eleventh Amendment "effectively places suits by private parties against states outside the ambit of Article III of the Constitution"); Atl. Healthcare Benefits Trust v. Googins, 2 F.3d 1, 4 (2d Cir. 1993) (accord).

9

The Eleventh Amendment bars private suits against state agencies and departments in federal court, <u>regardless</u> of the relief sought, absent a valid Congressional abrogation of the immunity or an unequivocal waiver of it. <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 98-102 (1984) (suit against a State "is barred regardless of whether it seeks damages or injunctive relief"); <u>Dube v. SUNY</u>, 900 F.2d 587, 594-95 (2d Cir. 1990) (New York State and its agencies have such immunity whether the relief sought is legal or equitable).

It is equally well-settled that 42 U.S.C. § 1983, the general vehicle for bringing constitutional claims, does not abrogate Eleventh Amendment immunity, <u>Dube</u>, 900 F.2d at 594; <u>Evans v. NYSDOH</u>, 189 F.3d. 460 (Table), 1999 WL 568052 (2d Cir. 1999) (unpublished opinion) (dismissing claims against NYSDOH brought under 42 U.S.C. §§ 1981, 1983 and 1985), and that "New York has not consented to § 1983 suits in federal court." <u>Mamot v. Bd. of Regents</u>, 367 Fed. App'x 191, 192-93 (2d Cir. 2010).  Indeed, a state and its agencies are not considered "persons" subject to § 1983 suits. <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989).

Although plaintiff's Amended Complaint cites statutes such as the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-34 ("ADEA") and Title I of the Americans with Disabilities Act, 42 U.S.C. §§ 12112-12117 ("ADA"), those laws do not abrogate the state's immunity. <u>Kimel v. Fla. Bd. of Regents</u>, 528 U.S. 62, 91-92 (2000) (ADEA); <u>Bd. of Trs. of the Univ. of Ala. v. Garrett</u>, 531 U.S. 356, 360, 363 (2001) (Title I of the ADA).  Indeed, the only law cited in plaintiff's pleadings that would abrogate New York's sovereign immunity is Title VII of the

10

Civil Rights Act, 42 U.S.C. §§ 2000e, et seq. ("Title VII"). However, that statute

applies to employment discrimination, not license revocation proceedings (see Point

V.B., infra).

Consequently, the Complaint also must be dismissed as against NYSDOH for

lack of jurisdiction based on Eleventh Amendment immunity. See Evans, 1999 WL

568052, at *1; Nwabue v. NYSDOH, No. 10-CV-133S, 2013 WL 557230, at *3

(W.D.N.Y. Feb. 12, 2013) (dismissing doctor's complaint against NYSDOH on

Eleventh Amendment grounds); Kosich v. NYSDOH, No. 1:06-CV-246 (FJS/DRH),

2006 U.S. Dist. LEXIS 98292, at *4 (N.D.N.Y. Aug. 21, 2006) (accord); Gage v.

NYSDOH, 204 F. Supp. 2d 399, 402 (N.D.N.Y. 2002) (same).

## POINT III

### THE COMPLAINT AGAINST MAHAR SHOULD BE DISMISSED FOR NON-SERVICE AND BECAUSE HE IS PROTECTED BY ABSOLUTE PROSECUTORIAL IMMUNITY

### A.   Plaintiff Failed To Serve Defendant Mahar

The complaint as against defendant Mahar should be dismissed pursuant to

Federal Rule 12(b)(2) and (5) for lack of personal jurisdiction due to non-service.

It is well-established that "[o]n a Rule 12(b)(5) motion to dismiss, the plaintiff

bears the burden of establishing that service was sufficient." Khan v. Khan, 360

Fed. App'x 202, 203 (2d Cir. 2010); Huang v. AirMedia Group Inc., 1:15-cv-04966,

2017 WL 1157134, at *4 (S.D.N.Y. Mar. 27, 2017).

Here, plaintiff's Amended Complaint naming Timothy Mahar as a defendant

was filed on September 22, 2016. However, defendant Mahar was never served

11

with a summons, complaint or amended complaint in this action (Affirmation of

Timothy Mahar, dated June 19, 2017 ["Mahar Aff."] at ¶ 12). Indeed, a review of

the Court's docket indicates that plaintiff never filed a proof of service and, further,

that a summons was never issued for Mahar. Although plaintiff was notified

several times that Mahar was not served, she failed to effectuate service (see Dkt.

No. 30, Letter, dated March 9, 2017, at pp. 1-2; Dkt. No. 32 at p. 11, fn. 4).

Federal Rule 4(m) provides as follows, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed,
> the court -- on motion or on its own after notice to the plaintiff -- must
> dismiss the action without prejudice against that defendant or order
> that service be made within a specified time. But if the plaintiff shows
> good cause for the failure, the court must extend the time for service
> for an appropriate period.

The time period for serving defendant Mahar thus expired months ago, but

plaintiff never sought an extension. Consequently, the complaint against said

defendant should be dismissed, without prejudice, absent a showing of good cause

for failing to serve him. Cassano v. Altshuler, 186 F. Supp. 3d 318, 321-24 (S.D.N.Y.

2016) (dismissing case for failure to timely serve under Rule 4[m]); Beauvoir v. U.S.

Secret Serv., 234 F.R.D. 55, 56 (E.D.N.Y. 2006) ("Good cause is generally found only

in exceptional circumstances where the plaintiff's failure to serve process in a

timely manner was the result of circumstances beyond its control." (internal

quotation marks and citation omitted)); Spinale v. United States, No. 03-cv-1704

(KMW), 2005 WL 659150, at *3 (S.D.N.Y. Mar. 16, 2005) (plaintiff bears a "heavy

burden" in showing good cause, and inadvertence or neglect is not a valid basis for

granting the extension), <u>subsequently</u> <u>aff'd</u> <u>sub</u> <u>nom.</u>, <u>Spinale v. Ball</u>, 352 Fed. App'x
599 (2d Cir. 2009).

**B.     Mahar Has Absolute Immunity From Plaintiff's Damages Claims**

Even if defendant Mahar were served in this case, the Complaint must be
dismissed against him because he has absolute prosecutorial immunity from
plaintiff's damages claims.

In her Amended Complaint, plaintiff asserts employment discrimination
claims against the NY Defendants and seeks $120,000,000.00 in damages (Dkt. No.
17). Plaintiff, however, makes no allegations suggesting that either NYSDOH or
Mahar was ever her employer or that she ever sought employment by them.
Instead, plaintiff's allegations plainly arise from NYSDOH's disciplinary proceeding
and Mahar's role as the prosecutor therein. <u>See</u> <u>e.g.</u>, Dkt. No. 17 at p. 8 (asserting
that Mahar "made constructive false, fabricated allegations" against her which were
then "agreed [to] by the rigged panel").

It is, however, settled law that a PHL § 230(10) proceeding is sufficiently
judicial in nature to warrant the granting of absolute immunity from civil damages
lawsuits to the administrative judges and prosecutors who participate therein.
<u>Applewhite v. Briber</u>, 506 F.3d 181, 182 (2d Cir. 2007) (affirming dismissal of
complaint by physician against ARB members, holding that "absolute judicial
immunity attaches to medical license revocation proceedings pursuant to [PHL] §
230[10]"); <u>Mir v. Bogan</u>, No. 13 Civ. 9172(PGG), 2015 WL 1408891, at *18 (S.D.N.Y.
Mar. 27, 2015) (dismissing case against prosecutors and other participants in a PHL

13

§ 230[10][p] proceeding based on absolute immunity), aff'd, 668 Fed. App'x 368 (2016). Cf. Yoonessi, 2005 WL 645223, at *14 (absolute immunity applies to BPMC license revocation proceeding).  Moreover, plaintiff's vague suggestion that there is a conspiracy against her does not override this immunity. See Pinaud v. Cnty. of Suffolk, 52 F.3d 1139, 1148 (2d Cir. 1995) ("[W]hen the underlying activity at issue is covered by absolute immunity, the plaintiff derives no benefit from alleging a conspiracy." (internal quotation marks and citation omitted)).

Consequently, even if there were merit to plaintiff's civil damages suit against Mahar, it should be dismissed based on absolute immunity. Imbler v. Pachtman, 424 U.S. 409, 419 n.13 (1976) ("absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity"); Moye v. City of New York, No. 11 Civ. 316(PGG), 2012 WL 2569085, at *4 (S.D.N.Y. July 3, 2012) ("district courts are encouraged to determine the applicability of an absolute immunity defense at the earliest appropriate stage").

## POINT IV

### PLAINTIFF FAILS TO STATE A DUE PROCESS CLAIM

Even if the case were not fatally deficient on the threshold grounds set forth above, it should also be dismissed for failure to state a plausible claim for relief.

The main thrust of the Complaint appears to be directed against the Florida Department of Health and Florida Board of Medicine for various purported errors in their disciplinary case against Dr. Uppal (Dkt. No. 1 at pp. 5-18).  To the extent that allegations are made against NYSDOH, plaintiff appears to contend that it violated

14

her due process rights by bringing a PHL § 230 direct referral proceeding based on Florida's order (Dkt. No. 1 at ¶¶ 12, 35). That allegation is meritless.

The Constitution does not require New York's disciplinary process to expend "the costs and time that would be required to hear the same facts and evidence already heard by a competent tribunal in another state." See Mir, 2012 WL 3229308, at *5. Federal and state courts have held that PHL § 230(10) referral proceedings may properly rely on the findings of other state medical disciplinary boards. Id.; Moran v. NYSDOH, 111 F.3d 123 (Table), 1997 WL 183770, at *3 (2d Cir. 1997) (summary order) (rejecting due process challenge to Educ. Law § 6530[9][b] and [d] where a physician had full opportunity to defend the charges in the out-of-state proceeding); D'Ambrosio, 4 N.Y.3d at 141 (due process does not mandate that a physician be given an additional opportunity to litigate the merits of foreign state charges here).

In this case, plaintiff fails to dispute that the Florida Board of Medicine is a duly authorized and competent disciplinary authority. Indeed, Florida conducted extensive proceedings in which Dr. Uppal was represented by counsel and, inter alia, had the opportunity to present fact and expert testimony and documentary evidence (Dkt. No. 15-1 and 2, Recommended Order at pp. 2-9, ¶¶ 16-20, 24, 34, 37, 39, 45-46). The prosecution was required to prove its case by "clear and convincing evidence," a higher standard of proof than in New York's disciplinary proceedings. Id. at pp. 27-28; compare PHL §230(10)(f) (preponderance of the evidence). The parties were allowed to submit proposed findings, and to make objections to the

15

findings and recommendations of the administrative law judge (Recommended Order at pp. 8-9, Final Order at pp. 2-5). After the final order was issued, plaintiff was able to appeal to the Florida courts (albeit unsuccessfully) (fn. 5, infra).

NYSDOH's disciplinary proceedings likewise afford a physician various trial-like rights. These include being provided written notice of the charges; the right to have counsel; the opportunity to file a written answer, brief and affidavits responding to the charges; a hearing in which she can present evidence and sworn testimony; a stenographic transcription of the hearing and a written decision reflecting the hearing committee's findings and conclusions of law. See PHL § 230(10)(c-f) and (p). The BPMC hearing committee's determination is administratively reviewable by the ARB, and the final result can be appealed judicially in an Article 78 proceeding brought in the Appellate Division, Third Department, where a temporary stay may be sought. PHL § 230-c(4-5).

It has been held repeatedly that the availability of this manner of pre and post deprivation process satisfies constitutional requirements. Cf. Harris v. Mills, 572 F.3d 66, 76 (2d Cir. 2009) (notice and opportunity to be heard coupled with Article 78 post-deprivation remedy provided adequate due process where doctor's reinstatement application was denied); Chalasani v. Daines, No. 10-CV-1978 (RRM)(RML), 2011 WL 4465408, at *2 (E.D.N.Y. Sept. 26, 2011) (dismissing due process case by doctor who challenged his license revocation, in light of extensive pre-deprivation proceedings and post-deprivation right to state court challenge) (adopting R & R, 2011 WL 4465564 (June 30, 2011)); Levy v. Cohen, No. 09-CV-

16

2734 (NGG)(LB), 2010 WL 4065607, at *3-4 (E.D.N.Y. Oct. 14, 2010) (notice and opportunity to be heard together with Article 78 post-deprivation remedy complies with the Due Process Clause), aff'd, 439 Fed. App'x 30, 31-32 (2d Cir. 2011).

To the extent plaintiff wishes to challenge NYSDOH's determination on grounds such as that it made "findings contrary to [the] testimony and evidence provided," that it is unsupported by "substantial evidence," or that it applied "irrelevant case law" (Docket No. 28 at pp. 1-2), those claims are properly raised in a state court proceeding (see CPLR § 7803[3] and [4]).  However, challenges to the evidentiary or legal grounds for a decision do not amount to a failure to afford due process. Chalasani, 2011 WL 4465408, at *1; Blake v. Ambach, 691 F. Supp. 651, 655 (S.D.N.Y. 1988) (accord). Cf. Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 888 (2d Cir. 1987) (Section 1983 is not a means to litigate in federal court whether a state administrative decision was "arbitrary and capricious").

Similarly, to the extent plaintiff claims that NYSDOH had an improper motive for bringing disciplinary proceedings against her, e.g., that it is "supporting Florida DOH's re[ta]liation for sexual harassment and discrimination" (Dkt. No. 28 at p. 3), that claim also may be presented upon Article 78 review. See e.g., Matter of Chatelain v. NYSDOH, 48 A.D.3d 943, 944-45 (3d Dep't 2008) ("party alleging bias must set forth a factual demonstration supporting the allegation as well as prove that the administrative outcome flowed from it"); Matter of Khan v. NYSDOH, 17 A.D.3d 938, 939-40 (3d Dep't 2005) (addressing bias claims against expert witness

and hearing panel member).  Notably, plaintiff alleges no factual basis for her bias claims, which the ARB rejected for lack of proof (Dkt. No. 33-2 at p. 11).

Finally, plaintiff fails to dispute the fact that her January 5, 2016 license renewal application denied that another state disciplined her.  The BPMC hearing committee and ARB were not obligated to credit her implausible explanations for failing to report Florida's order.  As the BPMC observed, plaintiff clearly was aware of Florida's disciplinary action, as she appealed it in court (Docket No. 33-1 at p. 9). Moreover, she left Florida without fulfilling its requirements, which were intended to correct deficiencies in her practice (Dkt. No. 33-2 at p. 11).  While Dr. Uppal may dispute having fraudulent intent in failing to disclose Florida's order to New York's licensing authority, such defense may be presented in her Article 78 appeal.

At bottom, there are constitutionally adequate state administrative and judicial procedures within which plaintiff may challenge, and indeed, currently is challenging the results of her NYSDOH disciplinary proceeding.  Consequently, she fails to state a plausible due process claim.  Marino v. Ameruso, 837 F.2d 45, 47 (2d Cir. 1988) (failure to prove inadequacy of state procedural remedies is fatal to due process action); Chalasani, 2011 WL 4465408, at **1-2 (accord).

### POINT V

### THE REMAINDER OF PLAINTIFF'S CLAIMS ARE MERITLESS

**A.**   **No Equal Protection or Conspiracy Claim**

To the extent that plaintiff also alleges a violation of equal protection under the law, such claim would be implausible because the NYSDOH manifestly has a

rational basis for bringing a direct referral proceeding based on another state's disciplinary order. As the Second Circuit has recognized, "avoiding the use of scarce resources to relitigate charges that have already been adjudicated" constitutes a rational basis for such a proceeding. Moran, 1997 WL 183770, at *3 (rejecting claim that New York's referral proceedings unfairly distinguish between doctors first prosecuted outside the state and those first prosecuted inside the state).

Moreover, to the extent plaintiff is claiming an equal protection violation based on purported disparate treatment, such allegation fails because she has not alleged that any similarly situated persons were treated differently. Cf. Hall v. Town of Brighton, No. 13-CV-6155T, 2014 WL 340106, at *4-5 (W.D.N.Y. Jan. 30, 2014) (bare assertions of discriminatory animus are not sufficient for an equal protection claim); Liang v. City of New York, No. 10-CV-3089(ENV)(VVP), 2013 WL 5366394, at *11 (E.D.N.Y. Sept. 24, 2013) (accord).

For similar reasons, plaintiff's nebulous claim that there is a conspiracy to violate her rights is also implausible. Ostrer v. Aronwald, 567 F.2d 551, 553 (2d Cir.1977) (conclusory, vague, or general allegations of a conspiracy are insufficient to state a claim); Malsh v. Austin, 901 F. Supp. 757, 763 (S.D.N.Y. 1995) (same).

**B.   No Employment Discrimination Claim**

Plaintiff's employment discrimination raised in the Amended Complaint are also plainly meritless.

In her Amended Complaint, plaintiff checked boxes alleging that the NY Defendants engaged in discriminatory conduct including failure to hire her, failure

19

to accommodate her disability, unequal terms and conditions of employment and retaliation (Dkt. No. 17 at p. 3-4). However, nowhere in this case has she alleged that these defendants ever employed her, or that she ever sought employment with them. To the contrary, plaintiff's factual claims against them arise solely from the PHL § 230 professional misconduct proceeding (see Dkt. Nos. 1, 10, 17, 28 and 36).

It is well-established that the employment discrimination laws relied on by plaintiff, Title VII, the ADEA and Title I of the ADA, "apply only to discriminatory practices by an employer." Heller v. Consol. Rail Corp., 331 Fed. App'x 766, 768 (2d Cir. 2009) (appellant could not state a claim under such laws because he did not allege that the defendants were his employer); Gulino v. N.Y. State Educ. Dep't, 460 F.3d 361, 370 (2d Cir. 2006) ("[T]he existence of an employer-employee relationship is a primary element of Title VII claims.").

The Second Circuit has thus observed that an agency's licensing activities, by themselves, cannot give rise to an employment discrimination claim. Gulino, 460 F.3d at 377-81 (distinguishing valid Title VII claims from those involving "merely licensing process servers and not employing them, much as, for example, a state medical board might license, but not employ, doctors"). Indeed, it has been held explicitly that a BPMC proceeding revoking the license of a doctor for professional misconduct does not constitute an employment action within the meaning of Title VII. Sunnen v. New York, No. 10 Civ. 372 (PKC), 2010 WL 3912728, at *1 (S.D.N.Y. Sept. 10, 2010). Similarly, in Mikhail v. Bentley, No. 96 CIV. 7987(JSM), 1997 WL 225799 (S.D.N.Y. May 6, 1997), the Court dismissed a Title VII claim brought by a

20

physician against the Education Department's director of professional licensing services for denying his license application, finding that "the defendant is not and never has been plaintiff's employer." Id. at *2.

Notably, the prerequisite of an employment relationship in order to confer liability is common to Title VII, the ADEA and Title I of the ADA. See Bonaby v. N.Y.C. Taxi & Limousine Comm'n, No. 02 Civ. 5423(LAP), 2003 WL 21649453, at *3-4 (S.D.N.Y. July 14, 2003) (dismissing claims arising from license revocation for lack of employment relation); Yacklon v. E. Irondequoit Cent. Sch. Dist., 733 F. Supp. 2d 385, 388-90 (W.D.N.Y. 2010) (dismissing ADEA claim against defendant who was not plaintiff's employer).

Consequently, plaintiff cannot state a valid claim against the NY Defendants for employment discrimination based on the PHL § 230 professional misconduct proceeding.  The Amended Complaint's citations to 18 U.S.C. §§ 241 and 242 are also unavailing, as they are criminal statutes that do not create a private right of action. Powers v. Karen, 768 F. Supp. 46, 51 (E.D.N.Y. 1991), aff'd, 963 F.2d 1522 (2d Cir. 1992).  Thus, plaintiff's employment claims must be dismissed as implausible.

**POINT VI**

**PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED FOR LACK OF JURISDICTION**

As set forth above, all of plaintiff's federal claims must be dismissed under 12(b)(1), (5) and (6).  Without any remaining underlying federal claims, to the extent that plaintiff is asserting any state law claims against the NY Defendants,

they should be dismissed for lack of subject matter jurisdiction. Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 250 (2d Cir. 2008) ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well." (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)); see also Maddaloni Jewelers, Inc. v. Rolex Watch U.S.A., Inc., 354 F. Supp. 2d 293, 310-11 (S.D.N.Y. 2004) (where all federal claims are eliminated before trial, factors such as comity and judicial economy warrant dismissal of the remaining state law claims).

## CONCLUSION

For all of the foregoing reasons, the complaint and this action as against the NY Defendants should be dismissed in its entirety.

Dated: New York, New York
     June 20, 2017

ERIC T. SCHNEIDERMAN
Attorney General of the
State of New York
**Attorney for NY Defendants**
By:

James M. Hershler
Assistant Attorney General
120 Broadway
New York, New York 10271
Tel. No.: (212) 416-8590
email: James.Hershler@ag.ny.gov

22