```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
NEELAM UPPAL,                                               :
                                                            :
                              Plaintiff,                    :
                                                            :              16-CV-3038 (VSB)
              -v-                                           :
                                                            :                  ORDER
NYS DEPARTMENT OF HEALTH;                                   :
FLORIDA DEPARMENT OF HEALTH;                                :
FLORIDA BOARD OF MEDICINE,                                  :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------ X
```

VERNON S. BRODERICK, United States District Judge:

Before me is Plaintiff's unsigned Order to Show Cause for a Stay and Injunctive Relief ("OTSC") in which Plaintiff seeks a stay of the decision revoking her license to practice medicine as well as a preliminary injunction enjoining Defendants from taking further action against her. (Doc. 28.) For the reasons set forth herein and discussed on the record at the April 28, 2017 conference, including the fact that Plaintiff has an adequate state remedy and has failed to demonstrate irreparable harm or a likelihood of success on the merits, Plaintiff's OTSC is DENIED.

Also before me is Plaintiff's motion for reconsideration of my January 19, 2017, order granting her prior attorney's motion to withdraw as her attorney in this case. (Doc. 26.) Based upon the language of Plaintiff's motion for reconsideration, it is clear that Plaintiff is objecting to an award of attorney's fees to Attorney Dermesropian. However, I have not awarded any attorney's fees and Attorney Dermestropian has not yet filed an application for attorney's fees. To the extent that Attorney Dermestropian makes such an application, Plaintiff is free to oppose it. Accordingly, for the reasons discussed on the record at the April 28, 2017 conference,

Plaintiff's motion for reconsideration is DENIED as premature.

I. **Background**

Plaintiff, initially proceeding pro se, filed this action on April 25, 2016 requesting emergency declaratory and injunctive relief.  (Doc. 1.)  Plaintiff named as Defendants (i) the New York State Department of Health ("NYSDOH"), (ii) the Florida Department of Health, and (iii) the Florida Board of Medicine.  (*Id*.)  On May 13, Attorney Dermesropian filed a notice of appearance as counsel for Plaintiff, (Doc. 4); later that day, Plaintiff and NYSDOH appeared for the hearing regarding the April 2016 OTSC.

On September 22, 2017, while my ruling on the April 2016 OTSC was pending, Plaintiff filed an Amended Complaint, (Doc. 17), in which she asserts various claims of employment discrimination and names as Defendants (i) NYSDOH, and (ii) Timothy Maher, who is alleged to work at NYSDOH in the Department of Legal Affairs.[1]  In light of the fact that it appeared as though Plaintiff filed the Amended Complaint on a pro se basis, I issued an order directing Attorney Dermesropian to submit a letter addressing the status of his representation of Plaintiff.  (Doc. 20.)  On January 6, 2017, Attorney Dermesropian filed his motion to withdraw, (Doc. 21); however, the motion did not comply with Local Civil Rule 1.4 in at least two key respects and thus I directed Attorney Dermesropian to cure the deficiencies, (*see* Doc. 22).  After reviewing the declaration and affidavits submitted by Attorney Dermesropian to cure the deficiencies, (*see* Docs. 23–25), I granted his motion to withdraw as Plaintiff's counsel on January 19, 2017, (Doc. 26).

On January 31, 2017, the Administrative Review Board for Professional Medical Conduct ("ARB") issued an order revoking Plaintiff's license to practice medicine in New York.

---

[1] The filing of the Amended Complaint mooted the emergency injunctive relief sought in the April 2016 OTSC.

(Tr. Apr. 28 Hr'g 26:6-7; Doc. 32 at 9.)[2]  On February 14, 2017, Plaintiff filed the unsigned OTSC requesting that the Court "grant the order of preliminary injunction against the New York State Department of Health by entering a Stay on the enforcement of the order entered revoking her License to Practice Medicine in New York and enjoining and refraining the board from taking any further actions on the plaintiff."  (Doc. 28 at 4.)

At the April 28 conference, Plaintiff clarified that the relief she seeks in the OTSC is an injunction staying the January 31 ARB decision.  (Tr. Apr. 28 Hr'g 27:4-10.)  Plaintiff stated that a court ordered stay of the January 31 ARB decision would allow her to continue in her role supervising other physicians and other medical providers who treat patients until her claims are resolved.  (*Id*. at 27:17-21)  In addition, at the April 28 conference, Plaintiff stated that it was her intention to continue in that role if allowed.  (*Id*.)  On May 1, 2017, Plaintiff sent an email to the Chambers inbox which states:

> Dear Judge,
>
> During the hearing on April 28th, 2017 your Honor asked me that if the License is re-instated, whether I would be practicing.  I had answered "Yes".  I would like to change the answer to "No", such that the License be re-instated to the extent that I would not be practicing until the matter is resolved favorably in the State court or this court.  This would help my status among my peers and respect in the society and be able to pursue non-clinical positions or research activities.
>
> Thank you for your consideration.
>
> Respectfully submitted,
> Neelam Uppal

(May 1, 2017 email from Plaintiff (the "May 1 Email").)

On May 29, 2017, Defendants NYSDOH and Timothy Mahar submitted a letter informing the Court that on May 22, 2017 Plaintiff commenced a CPLR Article 78 proceeding in

---

[2] "Apr. 28 Hr'g Tr." refers to the transcript of the April 28, 2017 status conference.  (*See* Dkt. Entry Apr. 28, 2017.)

the Appellate Division of New York Supreme Court, Third Department challenging the ARB decision to revoke her license to practice medicine in New York.  (Doc. 37.)

## II. Discussion

### A. *Plaintiff's Motion for Reconsideration*

As discussed on the record at the April 28 conference, the determination as to whether an award for attorney's fees is appropriate in this case is not before me and is a decision "for another day." (Apr. 28 Hr'g Tr. 4:4-5:16.)  To date, Attorney Dermesropian has not made an application for attorney's fees and Plaintiff may oppose any such application in the event one is made.  Accordingly, Plaintiff's motion for reconsideration, (Doc. 26), is denied without prejudice to Plaintiff opposing an application for attorney's fees at a later date.

### B. *Plaintiff's Order to Show Cause*

To obtain a temporary restraining order, the moving party must demonstrate: "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *MyWebGrocer, LLC v. Hometown Info., Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (citation omitted); *see AFA Dispensing Group B.V. v. Anheuser-Busch, Inc.*, 740 F. Supp. 2d 465, 471 (S.D.N.Y. 2010) ("It is well established that the standard for entry of a temporary restraining order is the same as for a preliminary injunction.").

As set forth in the May 1 Email, Plaintiff states that, even if I were to grant the relief she requests in her OTSC—staying the January 31 ARB decision—she would not practice medicine "until the matter is resolved favorably in the State court or this court," because she believes practicing medicine before her claims are resolved is not in her best interests with respect to her "status among [her] peers and respect in the society." (May 1 Email.)  In light of this

representation, Plaintiff necessarily fails to demonstrate that she will suffer irreparable harm unless I stay the January 31 ARB decision. Indeed, Plaintiff's statements indicate that she believes she would suffer reputational harm if, in the event I grant an order staying the January 31 ARB decision, she practices medicine in New York before her claims are fully resolved. Accordingly, Plaintiff's OTSC is denied.

In addition, Plaintiff fails to demonstrate why the *Younger* abstention doctrine does not apply to her claims. Under the doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must abstain from adjudicating claims "when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002). Plaintiff is currently pursuing an adequate remedy in state court, i.e., her CPLR Article 78 proceeding. *Mir v. Shah*, No. 11 Civ. 5211 (BSJ)(KNF), 2012 WL 3229308, at *3 (S.D.N.Y. Aug. 8, 2012) (holding *Younger* abstention doctrine required dismissal of plaintiff doctor's claims for injunctive relief reinstating his license to practice medicine in New York), *recons. denied*, 2012 WL 6097770 (Dec. 4, 2012), *aff'd*, 569 F. App'x 48, 50–51 (2d Cir. 2014) (summary order). Accordingly, in light of the fact that the *Younger* abstention doctrine appears to apply to Plaintiff's claims, I find that Plaintiff has also failed to demonstrate a likelihood of success on the merits.

### III. Conclusion

In light of the fact that Plaintiff fails to demonstrate irreparable harm or a likelihood of success on the merits, Plaintiff's OTSC, (Doc. 28), is DENIED. In addition, for the reasons set forth on the record at the April 28, 2017 conference, Plaintiff's motion for reconsideration, (Doc. 27), is DENIED; however, Plaintiff may oppose any application for attorney's fees to the extent

one is submitted.

    The Clerk's Office is respectfully directed to terminate the open motion at Document 27 and mail a copy of this Order to the pro se Plaintiff at the following addresses: (1) 1370 Broadway, #504, New York, New York 10018; and (2) P.O. Box 1002, Largo, FL 33779.

    SO ORDERED.

Dated:    September 30, 2017
           New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge