**MANDATE**

17-3358
Uppal v. NY Department of Health

1:16-cv-03038-VSB

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand nineteen.

PRESENT: AMALYA L. KEARSE,
JOHN M. WALKER, JR.,
DENNIS JACOBS,
      Circuit Judges.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 3, 2019

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

NEELAM UPPAL,

      **Plaintiff-Appellant**,

v.                17-3358

NEW YORK STATE DEPARTMENT OF
HEALTH, FLORIDA DEPARTMENT OF

1

HEALTH, FLORIDA DEPARTMENT OF
MEDICINE, TIMOTHY MAHER,
ATTORNEY, LEGAL AFFAIRS
DEPARTMENT, NYS DEPARTMENT OF
HEALTH,

      **Defendants-Appellees**.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| FOR APPELLANT: | Neelam Uppal, pro se, Largo, FL. |
| FOR NEW YORK STATE APPELLEES: | David Lawrence III, Assistant Solicitor General (Steven C. Wu, Deputy Solicitor General, on the brief), for Letitia James, Attorney General of the State of New York, New York, NY. |

  Appeal from an order of the United States District Court for the Southern District of New York (Broderick, J.).

  **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

  Appellant Neelam Uppal, pro se, appeals the district court's order denying her proposed order to show cause, in which she sought an injunction against enforcement of the state administrative decision revoking her license to practice medicine and any further action against her by the defendants. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

  This Court reviews the denial of a preliminary injunction for abuse of discretion. Lynch v. City of New York, 589 F.3d 94, 99 (2d Cir. 2009). "A district court has abused its discretion if it has (1) 'based its ruling on an

2

erroneous view of the law,' (2) made a 'clearly erroneous assessment of the evidence,' or (3) 'rendered a decision that cannot be located within the range of permissible decisions.'"  Id. (quoting Sims v. Blot, 534 F.3d 117, 132 (2d Cir. 2008)).

A preliminary injunction "is an extraordinary and drastic remedy," and the movant carries the burden of persuasion "by a clear showing."  Moore v. Consol. Edison Co. of N.Y., 409 F.3d 506, 510 (2d Cir. 2005).  Where, as here, the moving party seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme, "[a] plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  Irreparable harm "is the single most important prerequisite" for injunctive relief, and "[i]n the absence of a showing of irreparable harm, a motion for a preliminary injunction should be denied."  Rodriguez ex rel. Rodriguez v. DeBuono, 175 F.3d 227, 234 (2d Cir. 1999).

The motion to enjoin enforcement of Uppal's medical license revocation was properly denied because she failed to demonstrate irreparable harm.[1]  Uppal informed the court that she did not intend to practice medicine until her state or federal court actions resolved in her favor.  Since enforcement of the revocation pending disposition of her claims would thus have no practical effect, the finding that she would suffer no irreparable harm was not clearly erroneous.  This finding is sufficient to justify denial of a preliminary injunction.  See id.

---

[1] The district court found Uppal had abandoned her request to preliminarily enjoin the defendants from "taking any further action" against her.  Uppal waived the argument that this was error by failing to raise it in her opening brief.  See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V., 412 F.3d 418, 428 (2d Cir. 2005); Graham v. Henderson, 89 F.3d 75, 82 (2d Cir. 1996).

Uppal's arguments on appeal regarding irreparable injury are unavailing because they allege injuries that have already occurred, rather than prospective injuries that could be avoided by an injunction. See id. (movant must demonstrate an "imminent" injury).

We have considered Uppal's remaining arguments and conclude they are without merit. The judgment of the district court is therefore **AFFIRMED**.

                                  FOR THE COURT:
                                  CATHERINE O'HAGAN WOLFE, CLERK

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit