```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/29/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEELAM UPPAL,

                         Plaintiff,

-against-

NEW YORK STATE DEPARTMENT OF
HEALTH, et al.,

                         Defendants.

16-CV-3038 (VSB)

ORDER OF SERVICE

VERNON S. BRODERICK, United States District Judge:

      Plaintiff, appearing pro se, brings this action alleging copyright infringement against various defendants. By order dated November 7, 2017, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. (Doc. 51.) Defendants moved to dismiss, (Docs. 38–40), and Plaintiff opposed and cross-moved to amend her complaint to add additional defendants, (Docs. 43–45, 47). By Opinion & Order dated September 27, 2019, I granted Plaintiff's motion to amend her complaint but dismissed all moving Defendants from this action, preserving only those Defendants who were newly named and had not yet been served, i.e. the Florida State Department of Health and the Carlton Fields Law Firm.

      To allow Plaintiff to effect service on those two Defendants only through the U.S. Marshals Service, the Clerk of Court is instructed to send Plaintiff one U.S. Marshals Service Process Receipt and Return form (USM-285 form) for the Florida State Department of Health and one for the Carlton Fields Law Firm. Within thirty days of the date of this order, Plaintiff must complete a USM-285 form for each Defendant and return those forms to the Court.

      If Plaintiff does not wish to use the Marshals Service to effect service, Plaintiff must notify the Court in writing within thirty days of the date of this order and request that a summons be issued directly to Plaintiff. If within thirty days, Plaintiff has not returned the USM-285

forms or requested a summons, under Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute.

Upon receipt of each completed USM-285 form, the Clerk of Court shall issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon each Defendant.

No matter what method of service Plaintiff chooses, Plaintiff must effect service within 90 days of the date the summons is issued. It is Plaintiff's responsibility to ensure that service is made and, if necessary, to request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). If within 90 days of issuance of the summons, Plaintiff has not made service or requested an extension of time in which to do so, under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute. Finally, Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if she fails to do so.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff, together with an information package. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  October 29, 2019
        New York, New York

_Vernon Broderick_
Vernon S. Broderick
United States District Judge