UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
NEELAM UPPAL,
:
                            Plaintiff,
:
            -against-                             :              16-CV-3038 (VSB)
:
NEW YORK STATE DEPARTMENT OF    :                 **ORDER**
HEALTH, et al.,
:
                        Defendants.  :
:
----------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/16/2020

VERNON S. BRODERICK, United States District Judge:

      Plaintiff is proceeding pro se and in forma pauperis.  (*See* Doc. 65.)  By Opinion & Order dated September 27, 2019, I granted Plaintiff leave to amend her complaint to add the Florida State Department of Health and the Carlton Fields Law Firm (together, "Remaining Defendants"), and dismissed all other defendants from this action.  (Doc. 63.)  On October 29, 2019, I issued an Order of Service, directing the Clerk of Court to send Plaintiff one U.S. Marshals Service Process Receipt and Return form ("USM-285") for each Remaining Defendant.  (Doc. 65.)  The Order directed Plaintiff to complete the forms as to each Remaining Defendant and return them within thirty (30) days, or, in the alternative, to notify the Court in writing that she wished to effect service herself and that she requested a summons be issued directly to her.  (*Id.* at 1.)  I further specified that it was Plaintiff's responsibility to effect service or, if necessary, to request an extension of time.  (*Id.* at 2 (citing *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012).)  The Order notified Plaintiff that failure to effect service or to request an extension of time could result in dismissal for failure to prosecute pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.  (*Id.*)  On October 29, 2019, the Clerk of Court mailed the Order of Service and an information package, including the two USM-285 forms, to Plaintiff.

(*See* Doc. 66.)

To date, Plaintiff has not returned the USM-285 forms or submitted a letter requesting issuance of the summons directly to her.  She also has not filed an affidavit of service or taken any other action to prosecute this case.  Accordingly, it is hereby:

ORDERED that, no later than thirty (30) days from the date of this Order, Plaintiff shall submit a letter of no more than three (3) pages demonstrating good cause as to why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (internal quotation marks omitted).  "District courts consider the diligence of plaintiff's efforts to effect proper service and any prejudice suffered by the defendant as a consequence of the delay." *Id.* (internal quotation marks omitted).  "An attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause." *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997) (citing *McGregor v. United States*, 933 F.2d 156, 160 (2d Cir. 1991), *aff'd*, 173 F.3d 844 (2d Cir. 1999)). Plaintiff is warned that failure to submit a letter and to demonstrate good cause for failure to serve Defendants within ninety days after the complaint was filed will result in dismissal of this action.

SO ORDERED.

Dated:   June 16, 2020
         New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge