UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEELAM UPPAL,

                        Plaintiff,

-against-

NEW YORK STATE DEPARTMENT OF HEALTH, et al.,

                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/7/2021

16-CV-3038 (VSB)

**ORDER**

VERNON S. BRODERICK, United States District Judge:

       Plaintiff is proceeding pro se and in forma pauperis. (*See* Doc. 65.) By Opinion & Order dated September 27, 2019, I granted Plaintiff leave to amend her complaint to add the Florida State Department of Health and the Carlton Fields Law Firm and dismissed all other defendants from this action. (Doc. 63.) On October 29, 2019, I issued an Order of Service, directing the Clerk of Court to send Plaintiff one U.S. Marshals Service Process Receipt and Return form ("USM-285") for each Remaining Defendant. (Doc. 65.) The Order directed Plaintiff to complete the forms as to each Remaining Defendant and return them within thirty (30) days, or, in the alternative, to notify the Court in writing that she wished to effect service herself and that she requested a summons be issued directly to her. (*Id.* at 1.) I further specified that it was Plaintiff's responsibility to effect service or, if necessary, to request an extension of time. (*Id.* at 2 (citing *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012).) The Order notified Plaintiff that failure to effect service or to request an extension of time could result in dismissal for failure to prosecute pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure. (*Id.*) On October 29, 2019, the Clerk of Court mailed the Order of Service and an information package, including the two USM-285 forms, to Plaintiff.

       Plaintiff never returned the USM-385 forms or submitted a letter requesting issuance of

the summons directly to her. She also did not file an affidavit of service or take any other action to prosecute this case. In response, on June 16, 2020, I ordered Plaintiff to submit a letter explaining "why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m)." (Doc. 68 at 2.) Plaintiff never did so.

Rule 41 authorizes dismissal "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). The rule authorizes dismissal *sua sponte* or on motion of the opposing party. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). Not only has Plaintiff failed to comply with Rule 4(m)'s requirement to serve process within 90 days after the filing of the complaint, Plaintiff has also failed to comply with my June 16, 2020 order, which explicitly warned Plaintiff that this action would be dismissed in the absence of a letter from Plaintiff.

Accordingly, it is hereby ORDERED that this action is DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is respectfully directed to close this case, and mail a copy of this order to the pro se plaintiff.

SO ORDERED.

Dated: July 7, 2021
     New York, New York

                                              Vernon S. Broderick
                                              United States District Judge